John CANTU, Appellant,

v.

The STATE of Texas.

No. 1279–99.

Court of Criminal Appeals of Texas.

May 10, 2000.

Christopher P. Morgan, Austin, for appellant.

Betty Marshall, Asst. State Atty., Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

MANSFIELD, J., delivered the unanimous opinion of the Court.

A Travis County jury found appellant, John Cantu, a juvenile, guilty of the October 28, 1995, murder of Lydia Perez. See Tex. Pen.Code § 19.02(b)(2). The jury assessed appellant's punishment at imprisonment for forty years.

On appeal, appellant argued that the trial court erred in admitting, at the punishment stage of his trial, the testimony of a psychologist concerning his future dangerousness. The record reflects that the testimony in question was derived from a pretrial diagnostic study ordered by a juvenile court to determine whether the case should be transferred to the district court. See Tex. Fam.Code § 54.02(d). Appellant, citing *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), argued that admission of the testimony violated his Fifth Amendment right against compelled self-incrimination and his Sixth Amendment right to counsel. His Fifth Amendment right was violated, he argued, because he was not warned immediately before the diagnostic study that anything he said could be used against him at the punishment stage of a trial. His Sixth Amendment right was violated, he argued, because his counsel was not warned before the study that it would encompass the issue of his future dangerousness.[1]

The Third Court of Appeals accepted both of appellant's federal constitutional claims, reversed the trial court's judgment with respect to his punishment, and re-

manded the case for a new punishment hearing. *Cantu v. State*, 994 S.W.2d 721, 736–737 (Tex.App.—Austin 1999). The State Prosecuting Attorney then filed a petition for discretionary review, which presented a single ground for review, to wit:

"Is the testimony of a psychiatrist or psychologist concerning the demeanor or lack of remorse of a juvenile during a pre-transfer diagnostic study inadmissible at punishment *unless the juvenile was warned* prior to the diagnostic study that his statements could be used against him at trial?"

(Emphasis added.) In the body of his petition, the S.P.A., citing our decision in *Ex parte Gardner*, 959 S.W.2d 189 (Tex. Crim.App.1996), challenged the court of appeals' Fifth Amendment holding by arguing that "the warnings given the juvenile in this case were clearly sufficient." The S.P.A. did not challenge, however, the court of appeals' Sixth Amendment holding, either in his formal ground for review or in the body of his petition. Nevertheless, we granted the S.P.A.'s petition to consider whether the court of appeals erred. See Tex.R.App. Proc. 66.3(c).

After further review of the record, the S.P.A.'s petition, and the parties' briefs, we conclude that our decision to grant review was improvident. Accordingly, we dismiss the petition. See Tex.R.App. Proc. 69.3.

---

1. See *Powell v. Texas*, 492 U.S. 680, 109 S.Ct. 3146, 3148, 106 L.Ed.2d 551 (1989) (explaining that *Estelle v. Smith* held, among other things, that once a capital defendant is formally charged, the Sixth Amendment right to counsel precludes the state from subjecting him to a mental examination concerning his future dangerousness without first notifying counsel that the examination *will* encompass that issue).