Opinion issued July 8, 2003













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00133-CR

____________


DONALD C. HEIDELBERG, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 804016






OPINION ON REHEARING

 On June 21, 2001, we issued an opinion affirming the trial court's judgment. 
On July 9, 2001, appellant, Donald C. Heidelberg, filed a motion for rehearing and
motion for en banc consideration. (1) The State filed a response on August 17, 2001. 
We overrule appellant's motion for rehearing, but substitute this opinion for our
previous opinion. Our June 21, 2001 judgment, in which we affirmed appellant's
conviction, remains unchanged.

 A jury found appellant guilty of aggravated sexual assault of a child, and the
trial court assessed punishment at 25 years in prison. Appellant raises eight points
of error challenging (1) the trial court's allowing appellant and a deputy to be
questioned concerning appellant's post-arrest silence, (2) the prosecutor's arguments
commenting on appellant's post-arrest silence, (3) the prosecutor's argument outside
the record, (4) the prosecutor's improper impeachment of a witness with a prior
conviction, and (5) the prosecutor's improper impeachment of appellant's wife. We
affirm.

Facts

 On December 26, 1998, the eight-year-old complainant, A.M., was staying with
her mother at her mother's apartment. When A.M.'s mother went out, A.M.'s
grandmother, who had remarried appellant, and appellant baby-sat A.M. During the
night, appellant fondled A.M.'s private parts and penetrated her anus slightly with his
penis.

Post-Arrest Silence In points of error one and two, appellant contends that the trial court erred in
allowing the prosecutor to impeach appellant and to question Detective Fitzgerald
about appellant's post-arrest silence.

A. Impeachment of Appellant

 In his first point of error, appellant contends that the trial court's allowing the
prosecutor to impeach appellant regarding his post-arrest silence violated his rights
under article I, section 10 of the Texas Constitution.

 1. The Factual Context

 The prosecutor began her cross-examination of appellant by asking if appellant
knew that Detective Fitzgerald (the detective investigating this offense) was trying
to contact appellant. Defense counsel's objection that this went to his client's Fifth
Amendment right, that appellant did not have to talk to anybody, was overruled. 
Appellant then admitted that he had returned a call to Detective Fitzgerald's office
on January 14, but denied that he knew whose office it was and what the original call
concerned.

 The prosecutor then asked if appellant had asked to talk to the detective once
appellant knew about the charges against him. When appellant said that he was
incarcerated by that time, defense counsel renewed his Fifth Amendment objection,
which the trial court overruled. When the prosecutor asked why appellant did not talk
with the investigating officer to explain that A.M.'s allegations were false, appellant
first said that he did not know that he had to talk to any detective about it, that he did
request to talk to an attorney about it, and that, when he was arrested, he told the
detectives about it. When the prosecutor pursued whether appellant ever attempted
to contact the detective in this case, appellant first said that he did and then explained
that he did not know whether the persons to whom he had been talking were the ones
in charge of the case. He guessed that they were. The prosecutor finished by eliciting
that appellant never expressed whether he wanted to talk to the detective who was
handling the case.

 On redirect examination, appellant testified that, ever since he had found out
about the allegations, he had wanted to tell someone in authority, but it seemed like
everybody was trying to suppress the truth that he wanted to be known. When he was
asking for a detective, he was asking to tell someone. When he was being questioned
during processing, he thought that he was talking to the detective who was informing
him of the charges.

 On recross-examination, appellant stated that he thought that he was being
interviewed by a child-abuse detective during processing into the jail.

 2. The Law

 A defendant's pre-arrest silence is admissible. Waldo v. State, 746 S.W.2d 750,
755 (Tex. Crim. App. 1988). Regarding post-arrest silence, the Texas Constitution
is more protective of a defendant's rights than the federal constitution. The Fifth
Amendment only protects a defendant from having his post-arrest silence that occurs
after the administration of his warnings against self-incrimination used against him. 
Doyle v. Ohio, 426 U.S. 610, 618, 96 S. Ct. 2240, 2245 (1976). Article I, section 10
of the Texas Constitution protects a defendant from having his post-arrest silence that
occurs before or after warnings have been administered used against him. Sanchez
v. State, 707 S.W.2d 575, 582 (Tex. Crim. App. 1986).

 3. Preservation

 Here, appellant objected to the use of both his pre-arrest and post-arrest silence,
but only under the Fifth Amendment. He does not renew those Fifth Amendment
objections on appeal. (2) Rather, he asserts that article I, section 10 of the Texas
Constitution prohibited the use of his silence against him. Appellant failed to make
any objection at trial based on the Texas Constitution, however. Therefore, appellant
did not preserve his first point of error for review. (3) See Barnum v. State, 7 S.W.3d
782, 789-94 (Tex. App.--Amarillo 1999, pet. ref'd) (holding that appellant did not
preserve state constitutional violation of right to confrontation when only constitution
invoked in trial objection was federal); Cantu v. State, 994 S.W.2d 721, 732-33 (Tex.
App.--Austin 1999), pet. dism'd, improvidently granted, 19 S.W.3d 436 (Tex. Crim.
App. 2000) (holding that state constitutional claims not preserved when only
objection at trial was federal case construing federal constitution).

 The dissenting opinion relies upon two cases for the proposition that a Fifth
Amendment trial objection suffices to preserve an article I, section 10 appellate
challenge. Both cases are distinguishable. In Veteto v. State, 8 S.W.3d 805 (Tex.
App.--Waco 2000, pet. ref'd), the trial court sustained defense objections at trial,
based primarily on the Fifth Amendment, and instructed the jury to disregard because
"post-arrest silence" was not evidence. Id. at 809-10. No distinction was made at
trial or on appeal between the differing scopes of protection under the state and
federal constitutions. Id. at 809-11. Given the parties' and trial court's discussion,
the court of appeals concluded that it was "clear" that everyone understood
appellant's objection to have been to all post-arrest silence, not just to that post-arrest
silence occurring after warnings. Id. at 810-11. In Cabrales v. State, 932 S.W.2d
653 (Tex. App.--Houston [14th Dist.] 1996, no pet.), defense objections at
trial--referring to the silence as having been "custodial" and having occurred while
"under arrest," without mentioning the Fifth Amendment--were held to alert the trial
court sufficiently that the prosecutor was improperly discussing the defendant's post-arrest silence, again without making any distinction between the scope of protection
under the state and federal constitutions. Id. at 659-61. The proposition for which
these two cases stand is that a trial objection invoking the right to remain silent after
arrest, even when reference is made to the Fifth Amendment, is sufficient to preserve
an appellate claim that the prosecutor commented on a defendant's right to post-arrest
silence. The two cases do not stand for the proposition that an objection solely under
the Fifth Amendment, without more, preserves a complaint that the prosecutor
commented on a defendant's right to pre-Miranda, post-arrest silence, which is the
right protected by the state constitution.

 Because appellant did not preserve his first point of error by making a trial
objection invoking his state constitutional right, we overrule appellant's first point
of error.

B. Detective Fitzgerald's Testimony

 In his second point of error, appellant contends that the trial court's allowing
the prosecutor to elicit testimony from Detective Fitzgerald regarding appellant's
post-arrest silence violated his rights under article I, section 10 of the Texas
Constitution.

 1. The Factual Context

 The prosecutor began her questioning with Detective Fitzgerald's attempts to
contact appellant to get his side of the story. Defense counsel first objected, once
again based only on appellant's Fifth Amendment right, to Detective Fitzgerald's
answer that he was able to make contact with appellant "in a way." The trial court
overruled the objection. Defense counsel then asked for a "standing objection,"
which the trial court granted. The testimony then concentrated on several attempts
that Detective Fitzgerald had made, prior to appellant's arrest, to contact appellant
and appellant's attempts to call back. The only arguably objectionable question and
answer revealed that Detective Fitzgerald would have sat down and spoken with
appellant if appellant had wanted to talk to the detective after appellant was arrested,
the apparent inference being that appellant did not seek out Detective Fitzgerald to
tell his side of the story.


 2. Preservation

 For the same reason that appellant did not preserve his first point of error, he
did not preserve his second point of error. Appellant's Fifth Amendment objection
is not sufficient to preserve his complaint on appeal to post-arrest, pre-warning
silence.

 There is also a second reason that appellant's "standing objection" was
insufficient to preserve error. When defense counsel made the standing objection, the
prosecutor was asking questions pertaining to the time period prior to appellant's
arrest. Later, the prosecutor did ask indirectly about appellant's post-arrest silence. 
Therefore, appellant's standing objection eventually applied to comments on
appellant's silence both pre- and post-arrest, most of which were admissible, and only
one of which was inadmissible. An objection to testimony containing both admissible
and inadmissible matters, which objection fails to specify the particular matters that
are inadmissible, is insufficient to preserve error. See Tex. R. Evid. 105(a). 
Accordingly, we overrule appellant's second point of error.

Arguments Commenting on Post-Arrest Silence

 In points of error three and four, appellant contends that the trial court erred in
overruling appellant's objections to several arguments by the prosecutor commenting
on appellant's post-arrest silence. As with appellant's first two points of error,
defense counsel began objecting when the prosecutor was arguing about pre-arrest
silence and continued to object when the prosecutor argued concerning post-arrest
silence. Also, defense counsel's trial objections invoked only the Fifth Amendment. 
On appeal, appellant argues based only on the Texas Constitution. Accordingly, for
the same reasons stated in points of error one and two, appellant failed to preserve
error in regard to any comments on his post-arrest silence under the Texas
Constitution. We overrule appellant's points of error three and four.

Argument Outside the Record In points of error five and six, appellant raises two instances in which the trial
court erred in allowing the prosecutor to argue outside the record.

 Regarding point of error five, appellant's counsel invited the argument by
arguing that the absence of previous sexual assault charges against appellant made
it unlikely that he was the perpetrator in this case. In response, the prosecutor argued
that the current offense may not have been appellant's first sexual assault. We agree
with the State that the prosecutor was entitled to respond to appellant's argument,
which was likewise outside the record. See Vigneault v. State, 600 S.W.2d 318, 329
(Tex. Crim. App. 1980). We overrule point of error five.

 Regarding point of error six, the trial court responded to appellant's objection
by stating, "Ladies and gentlemen, you'll take the evidence from the witness stand,
the witness stand alone." Because appellant did not obtain an adverse ruling from the
trial court, appellant did not preserve his complaint for appeal. See Tex. R. App. P.
33.1(a)(2). We overrule point of error six.

Improper Impeachment 

 In point of error seven, appellant contends that the trial court erred in allowing
the prosecutor to impeach a witness with a prior conviction as to which probation had
been satisfactorily completed. See Tex. R. Evid. 609(c)(2). We do not reach the
merits of this point, however, because appellant did not object at trial on this ground. 
Instead, appellant objected on the basis that more than 10 years had elapsed since the
prior conviction. See Tex. R. Evid. 609(b). Error is not preserved when the trial
objection differs from the appellate complaint. Chambers v. State, 903 S.W.2d 21,
32 (Tex. Crim. App. 1995). Accordingly, we overrule point of error seven.

Impeachment of Appellant's Wife

 In point of error eight, appellant contends that the trial court erred in allowing
the prosecutor to impeach Vernee Roberson, who is appellant's wife and the
complainant's grandmother. After Roberson testified on appellant's behalf, the
prosecutor asked her if she had ever smoked marihuana in front of the complainant. 
Appellant claims that this question violated Texas Rule of Evidence 608(b),
prohibiting inquiry about specific prior acts of a witness to attack credibility. Tex.
R. Evid. 608(b).

 At trial, the complainant's parents testified to appellant's guilt, and the
complainant's grandparents (including appellant) testified to his innocence. After the
impeachment of which appellant complains, in cross-examining one of the State's
witnesses, appellant's counsel introduced testimony that the complainant's father
believed that the complainant's mother "did drugs, smoked pot, drank, [and] ran the
streets." To counter this attack on the complainant's mother, the State got the same
witness to testify that the victim's father believed that the victim's grandmother did
much the same. Appellant does not complain on appeal of the later admission of the
same evidence to which he objects in this point of error. Any error was rendered
harmless by the admission of the same evidence elsewhere. See Ethington v. State,
819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991). Accordingly, we overrule point
of error eight.

Conclusion

 We affirm the trial court's judgment.


 

Tim Taft

Justice


Panel consists of Justices Taft, Brister, (4) and Duggan. (5)

Appellant moved for rehearing and for en banc consideration on rehearing.

A majority of the justices of the Court voted to deny en banc consideration on
rehearing.


Justice Duggan dissenting from the judgment and dissenting to the denial of en banc
consideration on rehearing.

Publish. Tex. R. App. P. 47.2(b).
1. Appellant's points on rehearing address only the first four points of error
concerning comments on appellant's post-arrest silence.
2. We note that appellant could not have prevailed on his Fifth Amendment
challenges even if he renewed them on appeal: there is nothing in the record
about appellant's having received warnings, and the Fifth Amendment does not
protect silence either before arrest or after arrest, but after the administration
of warnings. See Doyle v. Ohio, 426 U.S. 610, 618, 96 S. Ct. 2240, 2245
(1976).
3. We note that, even if appellant had preserved this complaint, article I, section
10 would not have applied to appellant's pre-arrest silence. See Sanchez v.
State, 707 S.W.2d 575, 582 (Tex. Crim. App. 1986).
4. 
 
 
5.