NO. 07-00-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 2, 2004

_____

JOSE ZUNIGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 98-2419; HONORABLE GENE DULANEY, JUDGE

_____

Before JOHNSON, C.J.,  QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**
**ON REMAND FROM THE COURT OF CRIMINAL APPEALS**

Following his plea of not guilty, appellant Jose Zungia was convicted by a jury of manslaughter and punishment was assessed at 20 years confinement and a fine of $10,000. In our opinion of November 19, 2001, we overruled appellant's first issue by

which he contended the indictment was fundamentally defective because it failed to charge an offense and also overruled his second issue that the evidence was legally insufficient; however, we sustained his third issue by which he challenged the factual sufficiency of the evidence and did not address his fourth and fifth issues. On review by the Court of Criminal Appeals, it held that because the jury's notes on the verdict form were surplusage and would equate to a special verdict contrary to article 37.07, section 1(a) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2004), which mandates a general verdict, it reversed our conclusion that the evidence was factually insufficient and remanded the case for consideration of evidence of speeding and passing in a no-passing zone and to address appellant's remaining issues.

Disregarding the handwritten remarks of the jury on the verdict, we continue our factual sufficiency analysis by also considering the evidence that appellant's excessive speed and attempt to pass a vehicle in a no-passing zone was factually sufficient to support a verdict of guilty. The events immediately preceding the accident were described at trial by the driver of the pickup that appellant was attempting to pass. According to the evidence, while appellant was driving a semi-tractor on a long "S" curve of a two-lane road, he began to pass and when he noticed an oncoming car, applied his brakes, which locked and caused his vehicle to skid into a ditch. The driver of the oncoming vehicle also veered into the ditch in an effort to avoid appellant's skidding vehicle. However, appellant's vehicle and the oncoming vehicle collided in the ditch killing the driver of the oncoming vehicle. Officers testified the collision was caused by appellant's failure to obey the speed limit,

passing in a no-passing zone, and operating a commercial vehicle with a detectable amount of alcohol in his system in violation of section 522.101(a) of the Texas Transportation Code and chapter 49, sections 382.201, 382.205, 382.207, and 392.5 of the Code of Federal Regulations. Applying the standard of review set out in Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App. 1996), and referenced by the Court of Criminal Appeals in its decision and disregarding the handwritten remarks of the jury, we conclude the evidence was factually sufficient to support the verdict. Accordingly, appellant's third issue is overruled.

By his fourth issue, appellant argues the verdict was a nullity because the jury found him not guilty of intoxication manslaughter but guilty of manslaughter, and the two offenses are the same. We disagree. Count one of the indictment charged appellant with manslaughter; however, by count two, appellant was charged with intoxication manslaughter. The charge instructed the jury on both counts according to the indictment. Notwithstanding appellant's contention that manslaughter and intoxication manslaughter are the same offenses, he did not present an objection to the indictment as required by article 1.14(b) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2004), see Ex parte Morris, 800 S.W.2d 225, 227 (Tex.Cr.App. 1990), or to the charge, as required by article 36.14, see Grady v. State, 614 S.W.2d 830, 831 (Tex.Cr.App. 1981). Because the indictment and the charge are the sources of the alleged error and the alleged error could have been corrected if timely presented to the trial court, we do not consider

it for the first time on appeal. *See* Broxton v. State, 909 S.W.2d 912, 918 (Tex.Cr.App. 1995); Cartier v. State, 58 S.W.3d 756, 759 (Tex.App.--Amarillo 2001, pet. ref'd).

Moreover, as mentioned above, article 37.07, section 1(a) mandates a general verdict. In Kitchens v. State, 823 S.W.2d 256, 258 (Tex.Cr.App. 1991), *cert. denied*, 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992), the Court held that the same offense may be submitted to the jury in the disjunctive for the jury to return a general verdict. The Court of Criminal Appeals also held that we erred in attempting to interpret the jury's handwritten notes and that the notes should be disregarded as surplusage. Because appellant's argument is in part grounded on the handwritten remarks of the jury, but such remarks should be disregarded and considered as a general verdict, appellant's fourth issue is overruled.

By his fifth issue, appellant contends the trial court erred in allowing the victim's wife to testify at the punishment phase regarding her husband's good character. We disagree. As a prerequisite for appellate review, an appellant must make a timely objection stating with sufficient specificity the grounds therefor and obtain an adverse ruling, either expressly or implicitly, or demonstrate the trial court's refusal to rule and the complaining party's objection to the refusal. Tex. R. App. P. 33.1(a); *see also* Cantu v. State, 994 S.W.2d 721, 731 (Tex.App.--Austin 1999), *pet. dism'd as improvidently granted*, 19 S.W.3d 436 (Tex.Cr.App. 2000). Also, the grounds for objection at trial must comport with the argument and complaint raised on appeal. Trevino v. State, 991 S.W.2d 849, 854

4

(Tex.Cr.App. 1999); Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). The determination of whether to admit evidence is within the discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Cr.App. 1990).

Although appellant alleges trial court error in allowing the deceased's wife to testify regarding his good moral character, appellant did not object to her testimony. Instead, by his argument, he focuses on four exhibits, to-wit: (1) a certificate from President Clinton in recognition of the victim's service to the U.S. military, (2) and (3) awards the victim received in connection with his self-owned business, and (4) a certificate of appreciation from his church in recognition of his support and service. The military certificate and two business awards were admitted over appellant's objection.

In Mosley v. State, 983 S.W.2d 249 (Tex.Cr.App. 1998), the Court of Criminal Appeals approved the introduction of victim character evidence and took the opportunity to "announce a consistent, if not always clear-cut rule to be followed in future cases." After holding that victim impact and victim character evidence are admissible to demonstrate the uniqueness of the victim and the harm caused by the defendant, the court concluded:

> We recognize that this standard does not draw a bright and easy line for determining when evidence concerning the victim is admissible and when it is not. Trial judges should exercise their sound discretion in permitting some evidence about the victim's character and the impact on others' lives while limiting the amount and scope of such testimony.

5

*Id.* at 262.  Then, after our first decision, the Court of Criminal Appeals again considered the question in Salazar v. State, 90 S.W.3d 330 (Tex.Cr.App. 2002).  Before holding the trial court erred in admitting a memorial videotape with irrelevant background music, the Court, quoting *Montgomery*, 810 S.W.2d at 389, stated:

> [i]n close cases, courts should favor the admission of relevant evidence.

*Id.* at 338.  Considering the great discretion vested in the trial court, the discussions in *Mosley* and *Salazar*, and the record presented here, we are unable to conclude the trial court abused its discretion.  Issue five is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.