**Clarence Earl REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49080.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Rehearing Denied Jan. 8, 1975.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

The conviction is for burglary with intent to commit theft. Punishment was assessed at 12 years.

The sufficiency of the evidence is not challenged.

In his first ground of error, appellant, on appeal for the first time, contends that the appellant having waived his right to appeal from the judgment of November 2, 1973, "the waived rights could not be resurrected merely by filing a notice of appeal" and that the trial court was without power or jurisdiction to try him again on that charge. Hence, he claims that the trial in January 1974, from which this appeal is taken, is a nullity.

The record reflects that on November 2, 1973, appellant waived a jury, plead guilty to burglary with intent to commit theft as charged, was convicted and assessed a punishment of three years. On that same day, he executed an instrument reciting his conviction and that he had been sentenced, and further reciting that after being advised by his attorney and by the court of his right to appeal, and to have counsel appointed for appellate purposes, he "voluntarily, knowingly and intelligently waives in open court and after sentence has been pronounced, his right to appeal and his right to file a motion for a new trial." This instrument was signed by appellant and his lawyer, and approved by the court.

Thereafter, on November 12, 1973, appellant pro se filed a seven page "Notice of Appeal" in which he set forth and argued with citations of authorities a number of claims of reversible errors committed by the trial court in connection with his trial. This "Notice of Appeal" ended with the prayer:

"Wherefore, premises considered, your defendant prays that this court permit the filing of this Notice of Appeal *and*

*grant defendant such other relief as Law and Justice may require.*" (Emphasis added)

The notice or motion was signed and sworn to by appellant, and filed with the papers of this case.

At a hearing before the court on November 21, 1973, at which the State, appellant, and his counsel were present, the record reflects that all parties treated the instrument filed by appellant as a motion for a new trial. The court granted appellant's prayer for relief, and entered its order reading in part as follows:

> ". . . and the Court having heard the said Motion is of the opinion that same should be granted.
>
> "It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that the said Motion for a New Trial herein be and the same is hereby granted."

Thereafter, on January 21, 1974, the case was called for trial before a jury. Appellant announced ready, and the trial proceeded to a verdict of guilty and assessment of punishment of twelve years.

An examination of the record reveals that appellant was convicted and sentenced[1] on the same day without having waived the statutory ten days permitted to file a motion for a new trial or motion in arrest of judgment. Hence, no proper sentence appears to have been entered. Art. 42.03, Sec. 1, Vernon's Ann.C.C.P.; Clark v. State, Tex.Cr.App., 442 S.W.2d 353; Duke v. State, Tex.Cr.App., 462 S.W.2d 596. This being so, the instrument treated as a motion for a new trial was timely filed and properly before the court. The action of the trial court in granting the timely motion is not subject to review.

However, even if sentence had been properly pronounced on November 2 following a waiver of the statutory time to file a motion for new trial, the fact that appellant had executed the waiver of his *right* to appeal would not prevent the trial court from permitting him thereafter to perfect an appeal notwithstanding his waiver. The instrument entitled "Notice of Appeal" was sufficient to serve that purpose. A knowing and intelligent waiver of the right to appeal would only prevent him from appealing without consent of the trial court. Notice of appeal having been permitted and having been timely filed, the appellate process was invoked. This invoked the jurisdiction of the trial court in its role in the appellate process. Art. 40.09, V.A.C.C.P.; Perkins v. State, Tex.Cr.App., 505 S.W.2d 563. That role includes the power to grant a new trial. Although it appears from the scant record before us that the granting of the new trial was premature (see Art. 40.09, Sec. 12), the trial court had jurisdiction to grant same. The action of the trial court in *granting* a new trial should not be subject to review by this Court except where it is contended that the trial court was without jurisdiction, as, for example, where a violation of Article 40.02, V.A.C.C.P., is claimed.

After the court had granted appellant's motion, the case remained on the docket in the same position as before the trial of November 2 took place. Article 40.08, V.A.C.C.P.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the court erred in refusing to charge on circumstantial evidence. Such a charge was requested by appellant.

The record reflects that on the morning of May 17, 1973, after Mrs. Rosalea Shedd had locked the windows and doors and left for work her home was burglarized, and a

1. The sentence upon the earlier conviction does not appear in the record. The "waiver of the right to appeal" recites that it was executed after conviction and sentence.

color television set and a stereo that were in the living room were taken. A neighbor saw some men in the yard of an adjoining two story vacant house about 1:00 P.M. loading some furniture from that house into a car. Due to the fact that a burglary had been committed in the neighborhood on the previous day, she was suspicious of these men and notified the police. An investigating officer received a description of these men and the clothes they were wearing. He recalled having seen some men fitting the description given him on his way to the scene of the burglary. He soon thereafter found these men, one of whom was the appellant. He also found Mrs. Shedd's television set in the nearby two story house from which the men were loading furniture into the car, and found the stereo set in a neighbor's yard.

The evidence reflects that when Mrs. Shedd left home that morning a candelabra was on the television set, and two vases were on the stereo. After the burglary, these articles were found on the floor where the missing set and stereo had been. Fingerprints were lifted from the television set after it was found, and also from one of the vases. These prints were compared with known prints of appellant, and the proof shows that the prints were of the same person.

There was no evidence that appellant had ever been in the Shedd home before the burglary, or that he had any legitimate reason for handling the objects on which his prints had been found. Mrs. Shedd testified that she did not know appellant, and had not given him consent to enter her house.

Appellant did not testify, and offered no defense witnesses.

In Hearn v. State, Tex.Cr.App., 483 S.W.2d 461, the only direct evidence connecting the defendant with the burglary was a fingerprint found on the safe which had been broken into by the burglar. This Court, in overruling the contention that the court should have charged on circumstantial evidence, said:

> "Appellant's complaint concerning the court's failure to charge on circumstantial evidence was answered adversely to him in Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211, where we held that a fingerprint alone was sufficient to support a conviction, stating:
>
> " 'Our investigation leads us to conclude that where the evidence, as here, shows the fingerprint found at the scene of the crime was left there by the criminal at the time the crime was committed, thereby excluding the hypothesis that it might have been placed there innocently prior to or subsequent to the commission of the crime, and the evidence further shows that said print is identical with known prints of accused, that such evidence satisfied the law and excludes every reasonable hypothesis save guilt of the accused.' "

The evidence establishes that the fingerprints of appellant found on the stolen television set and especially the prints on the vase inside the house must have necessarily been made at the time of the burglary. Under the circumstances, a charge on circumstantial evidence was not required. Hearn v. State, supra; Galvan v. State, Tex.Cr.App., 461 S.W.2d 396. Cf. Eiland v. State, Tex.Cr.App., 509 S.W.2d 596; Dues v. State, Tex.Cr.App., 456 S.W.2d 116.

We have considered appellant's three additional grounds of error and find them to be without merit. They are overruled.

The judgment is affirmed.

Opinion approved by the Court.