James Bolivar SANDERS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 3–90–271–CR.

Court of Appeals of Texas,
Austin.

June 10, 1992.

Lydia Gardner, Austin, for appellant.

Carl Bryan Case, Jr. and Kent C. Anschutz, Asst. Dist. Attys., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

Appellant, James Bolivar Sanders Jr., was convicted of aggravated sexual assault. In his original appeal, this Court affirmed the judgment as to guilt, but remanded the case for a new trial on punishment.[1] On the punishment retrial, the jury sentenced appellant to eighty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## FACTUAL AND PROCEDURAL BACKGROUND

The offense in this cause occurred on January 16, 1987, when appellant forced himself into complainant's apartment, threatened her with a gun, and sexually assaulted her. Appellant was later indicted for an unrelated burglary of a habitation, which occurred nearly two months later on March 9, 1987, when appellant broke into another apartment and committed theft.

On August 14, 1987, approximately seven months after the aggravated sexual assault, a jury found appellant guilty of that offense and assessed punishment at forty

---

1. *Sanders v. State*, No. 03–87–194–CR (Tex. App.—Austin, December 21, 1988, unpublished, no pet.).

years' imprisonment. From this original trial and conviction, appellant gave timely notice of appeal to this Court. Six days later, on August 20, 1987, appellant entered into a plea bargain agreement with the State and pleaded guilty to the burglary charge. The court assessed a term of fifteen years as punishment, to run concurrently with the forty-year sentence imposed by the jury for the aggravated sexual assault.

On the appeal of his conviction for aggravated sexual assault, this Court, in an unpublished opinion, affirmed the judgment as to guilt but reversed that part of the judgment regarding punishment and remanded the case for a new trial solely on that issue.[2] The second punishment hearing was held on September 14, 1990.

During the second punishment hearing, the trial court considered the admissibility of the intervening burglary conviction. Appellant argued that since the burglary occurred after the aggravated sexual assault, it was inadmissible as a "prior conviction." The trial court overruled appellant's objection.

At the conclusion of the second trial on punishment, the jury assessed appellant's punishment at eighty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant now appeals this retrial of his punishment.

### DISCUSSION AND HOLDING

Appellant brings forth three points of error from the district court. Appellant complains first that the district court erred in allowing the intervening burglary conviction into evidence because, as a matter of law, an intervening conviction cannot be used as a "prior conviction" during a punishment retrial. Second, appellant complains that the district court erred in overruling his objection to the prosecutor's factual description of the burglary in question. Third, appellant complains that he was de-

prived of a fair trial due to ineffective assistance of counsel.

### 1. Use of an Intervening Conviction as a "Prior Conviction"

In his first point of error, appellant contends that the district court erred in allowing the burglary conviction to be used as a "prior conviction" at his retrial on punishment since the burglary offense occurred subsequent to the aggravated sexual assault.

Appellant was convicted of aggravated sexual assault on August 14, 1987, and six days later, on August 20, 1987, he entered into a plea bargain agreement with the State and voluntarily pled guilty to burglary of a habitation. Appellant argues that since the burglary conviction could not be used in the original punishment phase of the aggravated sexual assault trial, it should not be used on the retrial of his punishment. In support of his argument, appellant cites article 44.29(b) of the Texas Code of Criminal Procedure, and Rule 32 of the Texas Rules of Appellate Procedure.

Article 44.29(b), Effect of Reversal, states:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to the defendant ... only on the basis of an error or errors made in the punishment stage of the trial, *the cause shall stand as it would have stood in case the new trial had been granted* by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, article 37.07, of this code.

Tex.Code Crim.Proc.Ann. art. 44.29(b) (Supp.1992) (emphasis added). Rule 32, Effect of New Trial, states:

> Granting *a new trial restores the case to its position before the former trial* including, at the option of either party,

---

2. The original jury charge used a statutory instruction on parole which was held unconstitutional in *Rose v. State,* 752 S.W.2d 529, 537 (Tex.Crim.App.1987). We found harmful error because we could not find, beyond a reasonable

doubt, that the jury had not computed appellant's sentence on the basis of some specific minimum amount of time that they wanted him to serve before parole eligibility.

arraignment or pretrial proceedings initiated by that party.

Tex.R.App.P.Ann. 32 (Pamph.1992) (emphasis added).

■ While under article 44.29(b) and Rule 32, appellant's case is restored to its *legal status* before the former trial, it does not freeze appellant's case in point of time. Evidence may become available for use by either the State or defense that was unavailable during the former trial. Article 44.29(b) and Rule 32 do not bar the use of newly available evidence, such as appellant's intervening felony conviction, upon the retrial on the issue of punishment. In fact, article 44.29(b) specifically allows a defendant's prior criminal record into evidence.

Article 44.29(b) states:

At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of article 37.07 of this code.

Tex.Code Crim.Proc.Ann. art. 44.29(b) (Supp.1992). Article 37.07, section 3(a) also specifically states:

Regardless of the plea and whether other punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, *including the prior criminal record of the defendant*, his general reputation and his character. The term *prior criminal record* means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) (Supp.1992) (emphasis added).

■ We hold that the term "prior criminal record" includes a final conviction occurring *"prior"* to the date of the retrial of appellant's punishment. Appellant's burglary conviction occurred prior to his punishment retrial and constituted a "final conviction in a court of record." *Id.; see Burton v. State,* 493 S.W.2d 837, 840 (Tex. Crim.App.1973) (any prior conviction relevant under Article 37.07 § 3(a) is admissible.) [3] As such, the intervening conviction was admissible upon retrial of the punishment phase under article 44.29(b) as "other evidence as permitted by section 3 of article 37.07(a) of this code."

This issue was recently addressed by the Houston Court of Appeals in *Carter v. State,* 813 S.W.2d 746 (Tex.App.1991, no pet.). Carter was convicted of multiple aggravated robberies in 1977. In August of 1990, a federal court upheld Carter's conviction as to guilt, but ordered a retrial of the punishment phase. During the retrial, the State introduced evidence of an intervening 1986 conviction for possession of a deadly weapon while incarcerated. Although specifically addressing an *ex post facto* question, the Houston court implicitly upheld the trial court's reliance on article 37.07, section 3(a) to allow introduction of the intervening 1986 conviction into evidence. *See Carter,* 813 S.W.2d at 747–48. We find this case persuasive in our interpretation of the statutes to allow admission of this type of evidence during a retrial of punishment. We hold that the trial court did not err in concluding that appellant's intervening burglary conviction was relevant to sentencing and admitting it into evidence during his retrial on punishment.

■ Additionally, we conclude that appellant waived his first point of error. During discussion of the motions in limine, the trial court inquired if the State was seeking to introduce the burglary convic-

---

**3.** Conversely, under the enhancement statute, Tex.Penal Code Ann. § 12.42 (1974 & Supp. 1992), as opposed to article 37.07 § 3(a), each succeeding conviction must be subsequent to the previous conviction both in point in time of the commission of the offense and the conviction, to be used to enhance. *See Rogers v. State,* 168 Tex.Crim. 306, 325 S.W.2d 697 (App.1959),

*overruled on other grounds, Scott v. State,* 553 S.W.2d 361, 363 (Tex.Crim.App.1977). Although appellant argues that the use of the burglary conviction in the retrial constituted de facto enhancement, appellant concedes that the statutory requirements for enhancement are not at issue.

tion into evidence, and the State responded, "Yes, sir." Appellant voiced no objection. When the State offered appellant's burglary conviction into evidence during its case-in-chief, the trial court inquired if appellant had any objection, to which defense counsel replied, "No objection, Your Honor." Only after the burglary conviction was admitted into evidence did appellant object for the first time. Since appellant failed to timely object to the evidence when it was offered, appellant waived any further objection once it was admitted, *Lyles v. State,* 171 Tex. Crim. 468, 351 S.W.2d 886, 888 (App.1961) (citing *McCain v. State,* 139 Tex.Crim. 539, 141 S.W.2d 613 (App.1940)), and thus appellant failed to preserve error. *Frey v. State,* 466 S.W.2d 576, 577–78 (Tex.Crim. App.1971) (appellant who waived objection to an exhibit showing his prior criminal record cannot complain on appeal of its introduction into evidence). Appellant's first point of error is overruled.

### 2. Objection to the Factual Details of the Conviction

■ Appellant's next point of error complains that the district court erred in overruling his objection to the prosecutor's factual description of the burglary in question. The record reveals that this point of error is groundless since the objection was sustained. Specifically, the prosecutor stated that appellant was in "another woman's house," when referring to the burglary conviction. Appellant objected to the lack of testimony supporting the claim that he was in another woman's house, and the trial court sustained that objection. Since appellant failed to ask for any further relief after the objection was sustained, no error was preserved. *Sawyers v. State,* 724 S.W.2d 24, 38 (Tex.Crim.App.1986),

*overruled on other grounds, Watson v. State,* 762 S.W.2d 591, 599 (Tex.Crim.App. 1988); *Parr v. State,* 606 S.W.2d 928, 930 (Tex.Crim.App.1980).

■ Appellant also complains about comments made by the prosecutor to the effect that "[appellant] terrorizes. He commits burglaries. He drives around with an arsenal." However, appellant failed to object to these comments at trial. "The proper method of pursuing an objection to an adverse ruling is to (1) object, (2) request an instruction to disregard, and (3) move for a mistrial." *Id.,* (citing *Koller v. State,* 518 S.W.2d 373 (Tex.Crim.App. 1975)); *Brooks v. State,* 642 S.W.2d 791 (Tex.Crim.App.1982). Since appellant failed to specifically object to the additional comments in question, appellant waived any error. Tex.R.App.P.Ann. 52(a) (Pamph.1992).[4] Appellant's second point of error is overruled.

### 3. Ineffective Assistance of Counsel

■ Appellant complains in his third point of error that he was deprived of a fair trial due to ineffective assistance of counsel. Specifically, appellant complains that counsel was ineffective in failing to properly investigate alibi witnesses, in failing to develop exculpatory evidence through expert witnesses, and in failing to present a coherent defense.

These complaints concern alleged ineffective assistance of counsel during appellant's original trial on the guilt or innocence phase, the first punishment hearing, and the appeal therefrom.[5] These points of error should have been raised as part of appellant's original appeal. This appeal is limited solely to the retrial of appellant's

---

**4.** Although an exception to this rule exists, it exists only if the argument is both improper and so prejudicial that it cannot be cured by an instruction to disregard. *See Briddle v. State,* 742 S.W.2d 379, 389 (Tex.Crim.App.1987). The remarks listed on appeal, taken in context of the entire record, appear to this court to be a summary of the evidence, a proper form of jury argument. *Modden v. State,* 721 S.W.2d 859, 862 (Tex.Crim.App.1986). However, even if the argument were improper, the remarks in this case did not rise to the level of incurable argu-

ment. *See Briddle,* 742 S.W.2d at 390; *Romo v. State,* 631 S.W.2d 504, 505 (Tex.Crim.App.1982).

**5.** Appellant also argues ineffective assistance of counsel based on defense counsel failing to advise him of the possible consequences of pleading guilty to burglary while the conviction for sexual assault was on appeal. This issue is not part of the record on this appeal; therefore, we do not address appellant's argument of this issue.

punishment. Therefore, appellant presents no point of error for review on this appeal. Accordingly, his third point of error is overruled.

Finding no error, the judgment of the district court is affirmed.