Larry Keith EGGINS, Appellant,

v.

The STATE of Texas, State.

No. 2–92–267–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 4, 1993.

Publication Ordered Aug. 23, 1993.

David B. Lobingier, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., John A. Stride, Asst. Crim. Dist. Atty., Fort Worth, for State.

Before WEAVER, HICKS and FARRAR, JJ.

OPINION

HICKS, Justice.

Appellant, Larry Keith Eggins, appeals his thirty-six year sentence, alleging the trial court improperly admitted and considered evidence of his prior criminal history. We affirm.

On June 22, 1989, a jury convicted Eggins of delivery of a controlled substance, namely cocaine, less than twenty-eight grams, and assessed punishment at fifty-one years. Nine months later, on March 9, 1990, Eggins pled guilty to two charges of possession of a forged check and possession of a controlled substance.

On August 21, 1991, this court reversed and remanded Eggins' June 22 delivery conviction for a new punishment trial.[1] At the punishment retrial, the State introduced the March 9 convictions, which the trial court admitted over defense counsel's objections.

Eggins argues the trial court improperly admitted the March 9 convictions under TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1993) because they were not final prior to the original trial, citing TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1993);[2] and TEX.R.APP.P.

---

1. *Eggins v. State,* No. 2–89–249–CR (Tex.App.—Fort Worth, Aug. 21, 1991, pet. ref'd) (not designated for publication).

2. "If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant ... only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial...." TEX.CODE CRIM.PROC.ANN. art. 44.-29(b).

87(b)(2).[3]

The Austin Court of Appeals addressed this issue in *Sanders v. State*, 832 S.W.2d 719 (Tex.App.—Austin 1992, no pet.) (citing *Carter v. State*, 813 S.W.2d 746 (Tex.App.—Houston [1st Dist.] 1991, no pet.)). In *Sanders*, the appellant was convicted of aggravated sexual assault on August 14, 1987, and six days later he pled guilty to burglary of a habitation. *Id.* at 720–21. At his retrial on punishment in the aggravated sexual assault case, appellant argued that the court erred in allowing the burglary conviction to be used as a "prior conviction." The court disagreed stating:

> We hold that the term "prior criminal record" includes a final conviction occurring *"prior"* to the date of the retrial of appellant's punishment. Appellant's burglary conviction occurred prior to his punishment retrial and constituted a "final conviction in a court of record." As such, the intervening conviction was admissible upon retrial of the punishment phase under article 44.29(b) as "other evidence as permitted by section 3 of article 37.07(a) of this code."

*Id.* at 722 (citations omitted).

We adopt the reasoning of *Sanders* and hold that the trial court did not err in admitting and considering Eggins' intervening March 9 convictions. Eggins' sole point of error is overruled, and the trial court's judgment is affirmed.

---

**3.** "When the judgment of the appellate court reverses the judgment of the trial court and grants a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the trial court...." TEX.R.APP.P. 87(b)(2).