# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00374-CR

**John Cantu, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 963189, HONORABLE BOB PERKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

At his first trial, a jury found appellant John Cantu guilty of murder and assessed punishment at forty years' imprisonment. *See* Tex. Pen. Code Ann. § 19.02(b)(2) (West 2003). On appeal, this Court found reversible error at the punishment stage. *Cantu v. State*, 994 S.W.2d 721, 737 (Tex. App.—Austin 1999), *pet. dism'd, improvidently granted*, 19 S.W.3d 436, 437 (Tex. Crim. App. 2000). Following a new trial limited to the question of punishment, a jury assessed fifty years' imprisonment. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2003).

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant also filed a pro se brief.

Appellant's first pro se point of error complains of the district court's refusal to give a requested jury instruction with respect to probation.  To understand this point, it must be noted that after appellant was convicted of murder in this cause, he was convicted of two aggravated assaults. Evidence of the latter convictions was introduced at appellant's new punishment hearing.  Although the court's charge authorized the jury to recommend probation, the court refused to instruct the jury to consider appellant's eligibility for probation "as of September 10, 1996, the day [he] was found guilty."  In other words, the court refused to instruct the jury to disregard the two assault convictions in determining whether to recommend probation.

A similar issue was presented to this Court in *Sanders v. State*, 832 S.W.2d 719 (Tex. App.—Austin 1992, no pet.).  There, as here, the defendant received a new trial limited to the question of punishment, the defendant had been convicted of another felony offense during the interval between his original conviction and the punishment retrial, and the trial court admitted evidence of the intervening conviction at the new punishment hearing.  *Id*. at 721.  We found no error in the admission of the evidence, holding that the statute authorizing the admission of the defendant's prior criminal record included a final conviction occurring prior to the date of the punishment retrial.  *Id*. at 722; *see* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2003).

Having properly admitted evidence of appellant's intervening felony convictions, the district court did not err by refusing to instruct the jury to disregard these convictions in considering whether to recommend probation.  Even if the requested instruction had been given, appellant still

would have been ineligible for probation because the jury assessed a prison term exceeding ten years. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1) (West Supp. 2003). Point of error one is overruled.

In pro se points of error two and three, appellant contends the court erroneously admitted evidence of his prison gang membership. He adds that if this testimony had any relevance, it was outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403.

The State called Ernest Ramirez as a rebuttal witness. Ramirez testified that he is employed by the department of criminal justice as a "security threat group sergeant." He explained that his job involved monitoring prison gangs. At this point, appellant's counsel approached the bench and objected that evidence of gang membership would not be proper rebuttal because there had been no defensive testimony that appellant was not a gang member. During subsequent voir dire questioning outside the jury's presence, Ramirez said that prison records indicated that appellant was a member of the Mexican Mafia. He did not, however, have personal knowledge of appellant's gang membership. After the court indicated its concern about the witness's lack of personal knowledge, the State abandoned this line of questioning. Upon the jury's return, the State asked Ramirez if he was familiar with appellant's reputation in the "community in which he resides" for being peaceful and law-abiding. The witness testified that he was familiar with that reputation and that it was bad. Appellant argues that although Ramirez did not expressly tell the jury that appellant was a gang member, the jury could easily infer this from Ramirez's testimony.

Evidence of gang membership may be relevant and admissible at the punishment stage. *See Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). Because the State abandoned this line of questioning, no evidence of prison gang membership was adduced. Accepting

3

appellant's contention that the jury inferred that he was a member of a prison gang, any error was harmless. The jury also knew that the murder for which appellant was convicted was street-gang related. Several police officers testified to appellant's bad reputation for violence. A prison guard testified that he found a "shank," a homemade weapon, in appellant's prison cell. Points of error two and three are overruled.

In pro se point of error four, appellant contends the prosecutor asserted facts not in the record during an "argumentative objection" to defense counsel's jury argument. In point five, he asserts that the district court improperly commented on the weight of the evidence in overruling his objection to the prosecutor's statement.

During his jury argument, defense counsel drew the jury's attention to evidence that he said raised a question as to whether appellant had fired the fatal shot.[1] When counsel made a reference to the law of parties, the prosecutor objected that appellant was not convicted as a party. Defense counsel then objected to the prosecutor's objection as being outside the record. The court called both attorneys to the bench. The court examined the guilt-innocence charge from the first trial and determined that it did not contain a parties charge. The prosecutor then objected that defense counsel should not be allowed to mention the law of parties in his argument. The court did not rule on any of the attorneys' objections. Instead, the court told the jury, "Ladies and gentlemen of the jury, the first jury in this case when they found the defendant guilty of murder . . . Mr. Cantu was only charged there as a principal, not as a party, and their verdict was rendered on that basis, not as a party." Defense counsel objected to this instruction as a comment on the weight of the evidence.

---

[1] The shooting occurred during a party at which a large number of persons were present. There was evidence that persons in addition to appellant were armed.

No reversible error is presented. Appellant did not obtain an adverse ruling on his objection to the prosecutor's objection. *See* Tex. R. App. P. 33.1. Because the law of parties generally and appellant's guilt as a party specifically were not an issue at this punishment retrial, the court's instruction to the jury did not assume a disputed fact or invite the jury to pay particular attention to a particular piece of evidence. *See O'Connell v. State*, 17 S.W.3d 746, 748-49 (Tex. App.—Austin 2000, no pet.). Finally, defense counsel's argument was not adversely affected. He returned to the issue he had initially raised—the possibility of another shooter—later in his argument without further objection by the State. Point of error four and five are overruled.

In his last two pro se points of error, appellant contends he was denied his federal and state constitutional right to effective assistance of counsel at trial. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, an allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Appellant did not raise ineffectiveness of counsel in his motion for new trial and request a hearing at which he could have developed such a record.

In general, appellant complains that his attorney did not adequately prepare for the punishment retrial and failed to make proper objections during the course of the proceeding. We

5

cannot state on the basis of the record before us that counsel did not properly prepare for trial, or that counsel's failure to make certain objections was either mistaken or the product of a misguided trial strategy. Moreover, counsel's performance must be judged in its totality, rather than by isolating individual errors or omissions. *Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.—Austin 1997, pet. ref'd). We must avoid the distortions of hindsight, and evaluate counsel's conduct from his perspective at the time of trial. *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). Appellant does not in this direct appeal overcome the strong presumption that his trial counsel's actions were reasonable from counsel's perspective at trial. Points of error six and seven are overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: June 26, 2003

Do Not Publish