NUMBER 13-02-038-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
GLENN FRANKLIN ANDERSON,                                              Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 155th District Court
of Austin County, Texas.




 M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Opinion by Chief Justice Valdez
          Appellant, Glenn Franklin Anderson, was charged with the offense of interference
with child custody and placed on five years deferred adjudication. After two appeals, both
of which resulted in the reversal of appellant’s sentence, the trial court sentenced appellant
to 180 days confinement. On appeal from this sentence,


 appellant raises the following
four points of error: (1) the indictment was unintelligible and failed to give due notice of the
crime charged; (2) the indictment was improper where it lacked the impression of the court
seal; (3) the sentence should not have been rendered the same day judgment was
rendered; and (4) the conviction was void because the custody order on which the charge
was based was void. Appellant also challenges our jurisdiction over this appeal. We affirm
the judgment of the trial court.
I. PROCEDURAL HISTORY
          On November 7, 1995, appellant was placed on five years deferred adjudication for
the offense of interference with child custody. See Tex. Pen. Code Ann. § 25.03 (Vernon
2003). Appellant filed an appeal. While this initial appeal was pending in the Court of
Appeals for the First District, the State moved to adjudicate, and the trial court amended
the conditions of the deferred adjudication to include serving one year in a state jail facility. 
The First District affirmed the "implicit finding that the evidence substantiated appellant's
guilt,” but reversed the sentence and remanded for a new sentencing hearing.


 Anderson
v. State, No. 01-95-01491-CR, 1996 Tex. App. LEXIS 5065, at *10 (Tex. App.–Houston
[1st Dist.] Nov. 7, 1996, pet. ref'd, untimely filed) (not designated for publication).
          On remand, the trial court sentenced appellant to 365 days confinement. Appellant
appealed from the resentencing. The First District again reversed the sentence and
remanded for a new sentencing hearing.


 Anderson v. State, No. 01-97-01110-CR, 2001
Tex. App. LEXIS 5545, at *12 (Tex. App.–Houston [1st Dist.] Aug. 16, 2001, no pet.) (not
designated for publication). 
          On September 27, 2001, the trial court sentenced appellant to 180 days
confinement with credit for 180 days served. Appellant filed this appeal in the First District. 
The supreme court transferred this case to us in 2002.
II. ANALYSIS
A. Jurisdiction
          Appellant contends this court does not have jurisdiction over this appeal because
the appeal was originally filed in the First District. Section 73.001 of the government code
authorizes the supreme court to order the transfer of cases from one court of appeals to
another. Tex. Gov’t Code Ann. § 73.001 (Vernon 1998). Once the supreme court has
made such a transfer, “[t]he court of appeals to which a case is transferred has jurisdiction
of the case without regard to the district in which the case originally was tried to and to
which it is returnable on appeal.” Id. § 73.002 (Vernon 1998). Here, the supreme court
transferred the appeal from the First District to us. Accordingly, under section 73.002, we
have jurisdiction over this proceeding. 
B. Points of Error
          An appeal from a remand of only the punishment phase is limited to issues
pertaining to the retrial of the punishment phase. Sanders v. State, 832 S.W.2d 719, 723-24 (Tex. App.–Austin 1992, no pet.). In such a case, issues related to the guilt/innocence
phase present nothing for us to review. Patterson v. State, 101 S.W.3d 150, 152 (Tex.
App.–Fort Worth 2003, pet. ref’d); Sanders, 832 S.W.2d at 723-24. 
          In appellant’s second appeal, the First District remanded the case for a retrial of only
the punishment phase. Anderson, 2001 Tex. App. LEXIS 5545, at *12. This appeal is
from that remand, and the issues appellant may raise here are limited to those pertaining
to his second resentencing. See Sanders, 832 S.W.2d at 723-24. Appellant’s two points
of error challenging the indictment and his point of error challenging the validity of the
underlying custody order do not pertain to the second retrial of the punishment phase, but
rather to the guilt/innocence phase. These issues present nothing for us to review. See
Patterson, 101 S.W.3d at 152; Sanders, 832 S.W.2d at 723-24. Accordingly, we overrule
his first, second, and fourth points of error.
          In appellant’s third point of error, he contends the trial court improperly sentenced
him on the same day it rendered judgment against him. Appellant appears to be
challenging his original sentence, which was reversed by the First District in appellant’s
initial appeal. Anderson, 1996 Tex. App. LEXIS 5065, at *10. This point of error does not
pertain to the second retrial of the punishment phase and is also overruled. See Patterson,
101 S.W.3d at 152; Sanders, 832 S.W.2d at 723-24. 
III. CONCLUSION
          We conclude appellant’s challenge to our jurisdiction is without merit and overrule
his four points of error. Accordingly, we affirm the judgment of the trial court.
 
                                                                                                                                
                                                                                      Rogelio Valdez,
                                                                                      Chief Justice


Do not publish.
Tex. R. App. P. 47.2(b).
 
Opinion delivered and filed
this 24th day of June, 2004.