NO. 07-10-00242-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
13, 2011

 



 

CHRYSTOPHER DON PRECIADO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 60,196-A; HONORABLE RICHARD DAMBOLD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

OPINION

            Appellant,
Chrystopher Don Preciado,
was indicted on two counts of aggravated robbery,[1]
enhanced by allegations of one prior felony conviction.  A jury convicted appellant on both counts
and, after appellant pleaded true to the enhancement allegation, sentenced
appellant to confinement in the Institutional Division of the Texas Department
of Criminal Justice for a period of 40 years on each count with the sentences
to run concurrently.  Appellant filed a
motion for new trial contending that there was but one offense, and that the
convictions were barred by considerations of being convicted and punished twice
for the same offense.  The trial court
sustained the motion for new trial as to count II and the State filed a motion
to dismiss count II of the indictment, which the trial court granted.  Appellant appeals contending that the trial
court erred in not granting a new trial as to the entire indictment.  We affirm.

Factual & Procedural Background[2]

            John
Perez, the victim of the aggravated robbery, was accosted at knifepoint on July
17, 2009, and robbed of his wallet. 
Appellant was subsequently arrested for the offense.  When appellant was indicted, the indictment
alleged two counts of aggravated robbery. 
The first count alleged aggravated robbery by,

intentionally, knowingly, or recklessly caused bodily injury to John Perez by
cutting him with a knife, and the defendant did then and there use and exhibit
a deadly weapon, namely, a knife, . . . .

The second count of the indictment
alleged aggravated robbery by,

intentionally or knowingly threaten and place John Perez in fear of imminent bodily
injury and death, and the defendant did then and there use and exhibit a deadly
weapon, to-wit: a knife, . . . .

            At
trial, the court submitted both counts and the jury returned a verdict of
guilty as to each.  After appellant
pleaded true to the enhancement allegations during the punishment phase of the
trial, the jury returned a sentence of confinement for 40 years on each
count.  

            Appellant
then filed a motion for new trial alleging that the indictment simply alleged
two different manner and means of committing but one incident of aggravated
robbery.  The State agreed with appellant
that there was only one aggravated robbery. 
The trial court granted the motion for new trial as to count II and the
State subsequently dismissed that count. 
Appellant then perfected his appeal contending that the trial court
erred when it did not grant the motion for new trial as to the entire
case.  We will affirm.

Standard of Review

            We review the granting or denial of a motion for new
trial under an abuse of discretion standard. 
Charles v. State, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004). 
As the reviewing court, we do not substitute our judgment for that of
the trial court, rather we decide whether the trial
court’s decision was arbitrary and unreasonable.  Id. 
Further, we must view the evidence in the light most favorable to the
trial court’s ruling and presume all reasonable factual findings that could
have been made against the losing party were made.  Id. 
Accordingly, a trial court abuses its discretion by denying a motion for
new trial only when no reasonable view of the record could support the trial
court’s ruling.  Id.

Analysis

            Appellant’s
contention is straight forward.  Simply
put, appellant contends that since the indictment was not truly one indictment
with two counts, but rather one indictment with two paragraphs alleging
different manner and means to commit the single offense of aggravated robbery,
the trial court’s action in granting the motion for new trial had to extend to
the entire indictment.  To support this
proposition, appellant cites the Court to Texas Rule of Appellate Procedure
21.9(b);[3]
State v. Bates, 889 S.W.2d 306 (Tex.Crim.App.
1994); Reed v. State, 516 S.W.2d 680 (Tex.Crim.App.
1974); and Sanders v. State, 832 S.W.2d 719 (Tex.App.—Austin
1992, no pet.).  We will review the applicability
of these citations to appellant’s issue.

            As
an initial matter, we look to rule 21.9(b). 
This rule provides that, if a motion for new trial is granted, the case
is restored to the position it was in before the former trial was conducted.  This leads to the question of “what was the
former position of the case before the former trial was conducted?”  To answer this question, we turn to the Texas
Code of Criminal Procedure.[4]  Article 21.24(a) provides that,

Two or more offenses may be joined in a single
indictment, information, or complaint, with each offense stated in a separate
count, if the offenses arise out of the same criminal episode, as defined in
Chapter 3 of the Penal Code.

Criminal episode is defined in
section 3.01 of the Texas Penal Code as,

In this chapter, “criminal episode” means the
commission of two or more offenses, regardless of whether the harm is directed
toward or inflicted upon more than one person or item of property, under the
following circumstances:

(1)         
the offenses are
committed pursuant to the same transaction or pursuant to two or more
transactions that are connected or constitute a common scheme or plan; or

 

(2)         
the offenses are the repeated commission of the same or
similar offense.

See Tex. Penal Code Ann. § 3.01 (West
2011).[5]  When read together, these provisions give the
complete legal landscape for using an indictment to allege offenses in multiple
counts within an indictment.  Appellant’s
reference to rule 21.9(b) gives an incomplete picture of the results of the
trial court’s granting a new trial as to count II.  After reviewing the indictment in question,
it is clear that the State did, in fact, allege a completed offense in each of
the two counts.  Appellant did not object
to the indictment prior to trial; rather the record reflects that his objection
was made during the charge conference about what the jury would be allowed to
consider in rendering its verdict.  To
the extent appellant’s argument might be construed to be an objection to the
indictment, the same has been waived.  See
Rule 33.1(a)(1). 
The fact that the State erred in attempting to allege the incident in
two counts does not change the fact that it was alleged in two separate counts
and not in paragraphs.

            Appellant
first cites us to Bates, 889 S.W.2d 306, for the proposition that the
granting of the new trial places the case back in the position it was in before
the trial.  That is correct, however, the
factual and procedural posture of Bates was far removed from the case at
bar.  In Bates, the trial court attempted
to grant a new trial on the issue of punishment only.  Id. at 308.  The Court of Criminal Appeals pointed out
that the trial court was not one of the courts, enumerated in art. 44.29, with
the authority to order a new trial on punishment only, therefore the effect of
the order was to place the case back into its posture before trial.  Id. at 310.   

            Appellant
next contends that the case of Reed, 516 S.W.2d at 680, controls our
disposition of this case.  We cannot
agree with appellant’s reading of Reed. 
Reed dealt with the effect of the trial court granting a new
trial on the basis of the appellant’s having filed a pro se notice of appeal following a guilty plea wherein the
appellant had waived the right of appeal. 
Id. at 681-82.  The issue was whether or not the notice of
appeal could be treated as a motion for new trial, and the court said that it
could.  Id. at
682.  The court stated that the
action of the “trial court in granting a new trial should not be subject to
review by this Court except where it is contended that the trial court was
without jurisdiction. . . .”  Id.  Such was not the claim, and the court
affirmed the new trial.  Id.  Rather than supporting the position of
appellant, our reading of Reed seems to support the granting of a new
trial as to count II since appellant does not challenge the trial court’s
jurisdiction to grant a new trial.

            Appellant’s
citation to Sanders, 832 S.W.2d 719, simply states that, when a new
trial for punishment only is granted by an intermediate appellate court, the
case begins again as if a finding of guilt had been returned by the jury.  Id. at 721.  This provides the Court with no direction
about the disposition of the matter before us.

            Appellant
then cites us to Hathorn v. State, 848
S.W.2d 101 (Tex.Crim.App. 1992), for the proposition
that, when an indictment alleges different paragraphs setting out the manner
and means of commission of an offense, the separate paragraphs are not subject
to severance as provided in sec. 3.04(a). 
Id. at 113.  That is a correct proposition; however, this
proposition does not control our disposition of the case.  The indictment in Hathorn
was set forth in one count with three paragraphs.  Id. 
Essentially, appellant is asking the Court to treat the separate counts,
admittedly erroneously pleaded, as a pleading of separate paragraphs.  We find no authority for this proposition and
decline to do so.  

            Our
jurisprudence provides that, when an appellant has been subjected to multiple
punishments for the same conduct, the proper remedy on appeal is to affirm as
to the most serious offense and to vacate the other convictions.  See Bigon
v. State, 252 S.W.3d 360, 372-73 (Tex.Crim.App. 2008). 
We find no legal reason that the trial court, when made aware of the
violation of the rule against multiple punishments for the same conduct, cannot
affect the same result by granting a motion for new trial.  More especially, when the error occurred in
the context of an indictment presented in separate counts, we have found no bar
to the action taken by the trial court in the present case.  In the final analysis, we hold that the trial
court did not abuse its discretion in granting the new trial as to count
II.  See Charles, 146 S.W.3d at 208. To hold otherwise would be to force
appellant to appeal the multiple convictions and, ultimately, have the
appellate court take the exact same course of action that the trial court has
taken in this case.  Such a holding would
be a waste of judicial resources and require a needless appeal.  Our holding is made more compelling by the
lack of any known prohibition against the trial court taking such an action.  Accordingly, we overrule appellant’s issue.

 

 

 

Conclusion

            Having
overruled appellant’s issue, we affirm the judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Publish.
 

 











[1]  See Tex. Penal Code Ann. § 29.03 (West 2011).





[2] Appellant is not challenging the sufficiency of the
evidence to sustain the conviction, therefore, only
limited factual matters will be discussed.





[3] Further reference to the Texas Rules of Appellate
Procedure willl be by
reference to “Rule ___” or “rule ___.”

 





[4] Further reference to the Texas Code of Criminal
Procedure willl be by
reference to “Art. ___” or “art. ___.”





[5] Further reference to the Texas Penal Code willl be by reference to “sec. ___” or “§ ___.”