NO. 07-10-00242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 13, 2011

CHRYSTOPHER DON PRECIADO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,196-A; HONORABLE RICHARD DAMBOLD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Chrystopher Don Preciado, was indicted on two counts of aggravated robbery,[1] enhanced by allegations of one prior felony conviction. A jury convicted appellant on both counts and, after appellant pleaded true to the enhancement allegation, sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 40 years on each count with the sentences to run concurrently. Appellant filed a motion for new trial contending that there was but one offense, and that the convictions were barred by considerations of

---

[1] See TEX. PENAL CODE ANN. § 29.03 (West 2011).

being convicted and punished twice for the same offense. The trial court sustained the motion for new trial as to count II and the State filed a motion to dismiss count II of the indictment, which the trial court granted. Appellant appeals contending that the trial court erred in not granting a new trial as to the entire indictment. We affirm.

Factual & Procedural Background[2]

John Perez, the victim of the aggravated robbery, was accosted at knifepoint on July 17, 2009, and robbed of his wallet. Appellant was subsequently arrested for the offense. When appellant was indicted, the indictment alleged two counts of aggravated robbery. The first count alleged aggravated robbery by,

> intentionally, knowingly, or recklessly caused bodily injury to John Perez by cutting him with a knife, and the defendant did then and there use and exhibit a deadly weapon, namely, a knife, . . . .

The second count of the indictment alleged aggravated robbery by,

> intentionally or knowingly threaten and place John Perez in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a knife, . . . .

At trial, the court submitted both counts and the jury returned a verdict of guilty as to each. After appellant pleaded true to the enhancement allegations during the punishment phase of the trial, the jury returned a sentence of confinement for 40 years on each count.

---

[2] Appellant is not challenging the sufficiency of the evidence to sustain the conviction, therefore, only limited factual matters will be discussed.

Appellant then filed a motion for new trial alleging that the indictment simply alleged two different manner and means of committing but one incident of aggravated robbery.  The State agreed with appellant that there was only one aggravated robbery.  The trial court granted the motion for new trial as to count II and the State subsequently dismissed that count.  Appellant then perfected his appeal contending that the trial court erred when it did not grant the motion for new trial as to the entire case.  We will affirm.

Standard of Review

We review the granting or denial of a motion for new trial under an abuse of discretion standard.  Charles v. State, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004).  As the reviewing court, we do not substitute our judgment for that of the trial court, rather we decide whether the trial court's decision was arbitrary and unreasonable.  Id.  Further, we must view the evidence in the light most favorable to the trial court's ruling and presume all reasonable factual findings that could have been made against the losing party were made.  Id.  Accordingly, a trial court abuses its discretion by denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.  Id.

Analysis

Appellant's contention is straight forward.  Simply put, appellant contends that since the indictment was not truly one indictment with two counts, but rather one indictment with two paragraphs alleging different manner and means to commit the single offense of aggravated robbery, the trial court's action in granting the motion for new trial had to extend to the entire indictment.  To support this proposition, appellant

cites the Court to Texas Rule of Appellate Procedure 21.9(b);[3] State v. Bates, 889 S.W.2d 306 (Tex.Crim.App. 1994); Reed v. State, 516 S.W.2d 680 (Tex.Crim.App. 1974); and Sanders v. State, 832 S.W.2d 719 (Tex.App.—Austin 1992, no pet.). We will review the applicability of these citations to appellant's issue.

As an initial matter, we look to rule 21.9(b). This rule provides that, if a motion for new trial is granted, the case is restored to the position it was in before the former trial was conducted. This leads to the question of "what was the former position of the case before the former trial was conducted?" To answer this question, we turn to the Texas Code of Criminal Procedure.[4] Article 21.24(a) provides that,

> Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

Criminal episode is defined in section 3.01 of the Texas Penal Code as,

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1)     the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2)     the offenses are the repeated commission of the same or similar offense.

---

[3] Further reference to the Texas Rules of Appellate Procedure willl be by reference to "Rule ___" or "rule ___."

[4] Further reference to the Texas Code of Criminal Procedure willl be by reference to "Art. ___" or "art. ___."

4

See TEX. PENAL CODE ANN. § 3.01 (West 2011).[5]  When read together, these provisions give the complete legal landscape for using an indictment to allege offenses in multiple counts within an indictment.  Appellant's reference to rule 21.9(b) gives an incomplete picture of the results of the trial court's granting a new trial as to count II.  After reviewing the indictment in question, it is clear that the State did, in fact, allege a completed offense in each of the two counts.  Appellant did not object to the indictment prior to trial; rather the record reflects that his objection was made during the charge conference about what the jury would be allowed to consider in rendering its verdict.  To the extent appellant's argument might be construed to be an objection to the indictment, the same has been waived.  See Rule 33.1(a)(1).  The fact that the State erred in attempting to allege the incident in two counts does not change the fact that it was alleged in two separate counts and not in paragraphs.

Appellant first cites us to Bates, 889 S.W.2d 306, for the proposition that the granting of the new trial places the case back in the position it was in before the trial.  That is correct, however, the factual and procedural posture of Bates was far removed from the case at bar.  In Bates, the trial court attempted to grant a new trial on the issue of punishment only.  Id. at 308.  The Court of Criminal Appeals pointed out that the trial court was not one of the courts, enumerated in art. 44.29, with the authority to order a new trial on punishment only, therefore the effect of the order was to place the case back into its posture before trial.  Id. at 310.

---

[5] Further reference to the Texas Penal Code willl be by reference to "sec. ___" or "§ ___."

5

Appellant next contends that the case of Reed, 516 S.W.2d at 680, controls our disposition of this case. We cannot agree with appellant's reading of Reed. Reed dealt with the effect of the trial court granting a new trial on the basis of the appellant's having filed a *pro se* notice of appeal following a guilty plea wherein the appellant had waived the right of appeal. Id. at 681-82. The issue was whether or not the notice of appeal could be treated as a motion for new trial, and the court said that it could. Id. at 682. The court stated that the action of the "trial court in granting a new trial should not be subject to review by this Court except where it is contended that the trial court was without jurisdiction. . . ." Id. Such was not the claim, and the court affirmed the new trial. Id. Rather than supporting the position of appellant, our reading of Reed seems to support the granting of a new trial as to count II since appellant does not challenge the trial court's jurisdiction to grant a new trial.

Appellant's citation to Sanders, 832 S.W.2d 719, simply states that, when a new trial for punishment only is granted by an intermediate appellate court, the case begins again as if a finding of guilt had been returned by the jury. Id. at 721. This provides the Court with no direction about the disposition of the matter before us.

Appellant then cites us to Hathorn v. State, 848 S.W.2d 101 (Tex.Crim.App. 1992), for the proposition that, when an indictment alleges different paragraphs setting out the manner and means of commission of an offense, the separate paragraphs are not subject to severance as provided in sec. 3.04(a). Id. at 113. That is a correct proposition; however, this proposition does not control our disposition of the case. The indictment in Hathorn was set forth in one count with three paragraphs. Id. Essentially,

6

appellant is asking the Court to treat the separate counts, admittedly erroneously pleaded, as a pleading of separate paragraphs. We find no authority for this proposition and decline to do so.

Our jurisprudence provides that, when an appellant has been subjected to multiple punishments for the same conduct, the proper remedy on appeal is to affirm as to the most serious offense and to vacate the other convictions. See Bigon v. State, 252 S.W.3d 360, 372-73 (Tex.Crim.App. 2008). We find no legal reason that the trial court, when made aware of the violation of the rule against multiple punishments for the same conduct, cannot affect the same result by granting a motion for new trial. More especially, when the error occurred in the context of an indictment presented in separate counts, we have found no bar to the action taken by the trial court in the present case. In the final analysis, we hold that the trial court did not abuse its discretion in granting the new trial as to count II. See Charles, 146 S.W.3d at 208. To hold otherwise would be to force appellant to appeal the multiple convictions and, ultimately, have the appellate court take the exact same course of action that the trial court has taken in this case. Such a holding would be a waste of judicial resources and require a needless appeal. Our holding is made more compelling by the lack of any known prohibition against the trial court taking such an action. Accordingly, we overrule appellant's issue.

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Publish.