# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00240-CR

---

**Bryan Wayne Whillhite a/k/a Bryan Wayne Wilhite a/k/a Bryan Wayne Willhite, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-13-0586-SA-W-1, THE HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Bryan Wayne Whillhite[1] was charged with online solicitation of a minor, *see* Tex. Penal Code § 33.021(b), and sexually assaulting A.L.,[2] who was fourteen years old at the time of the alleged assault, *see id.* § 22.011. The indictment included enhancement paragraphs alleging that Whillhite had previously been convicted of the felony offenses of robbery and burglary of a habitation. *See id.* §§ 29.02, 30.02. After Whillhite pleaded guilty to the charged offenses and the enhancement allegations, the trial court placed him on deferred-adjudication community supervision for a period of ten years in both counts. Whillhite did not appeal the trial court's order placing him on deferred adjudication.

---

[1] Although the judgment at issue in this case and the indictment list alternative spellings of the defendant's name, we will refer to him by the first spelling for ease of reading.

[2] Because the complainant was a minor when the alleged offenses occurred, we will refer to her by using a pseudonym. *See* Tex. R. App. P. 9.10 (defining sensitive information).

Approximately four years later, the State filed a motion to revoke Whillhite's deferred-adjudication community supervision and alleged that he committed forty-five violations of the terms and conditions of his community supervision, including by continuing to contact the victim of the underlying offense, engaging in more than one act of bestiality, having physical contact and associating with individuals younger than seventeen, and being within a thousand feet of a place where children gather. Following a revocation hearing at which Whillhite pleaded true to all of the allegations, the trial court revoked his deferred-adjudication community supervision, adjudicated his guilt, and sentenced him to seventy-five years' imprisonment in each count. *See id.* §§ 12.33, .34, .42.

Whillhite appealed the trial court's judgments of conviction, and his court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal was frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). Although not raised by Whillhite's appointed counsel, this Court noted in its opinion that the statute governing his conviction for online solicitation of a minor had been declared unconstitutional by the Texas Court of Criminal Appeals in 2013. *See Whillhite v. State*, No. 03-18-00766-CR, 2020 WL 54025, at *1 n.1 (Tex. App.—Austin Jan. 3, 2020) (mem. op., not designated for publication). However, the Court concluded that Whillhite's conviction for that offense could not be considered in the revocation appeal and explained that the appropriate vehicle for challenging that conviction would be to file an application for a writ of habeas corpus under article 11.07 of the Code of Criminal Procedure. *See id.*; *see also* Tex. Code Crim. Proc. art. 11.07 (authorizing habeas challenges to felony convictions). After noting the unconstitutionality of the online-solicitation statute, this Court affirmed the trial court's judgments of conviction adjudicating guilt and granted Whillhite's appointed counsel's motion to withdraw.

After this Court affirmed Whillhite's convictions, he filed a pro se petition for discretionary review. The Court of Criminal Appeals determined that there were arguable grounds for a direct appeal regarding his conviction for online solicitation of a minor. *Whillhite v. State*, No. PD-0095-20, 2020 WL 3067568, at *1-2 (Tex. Crim. App. June 10, 2020) (per curiam) (op., not designated for publication). Accordingly, the Court of Criminal Appeals vacated this Court's judgment and remanded the case to this Court for further actions consistent with the opinion by the Court of Criminal Appeals. *Id.* at *2. This Court then remanded the case to the trial court for the appointment of new counsel and briefing on the issue. *Whillhite v. State*, No. 03-18-00766-CR, 2020 WL 4462829, at *1-2 (Tex. App.—Austin July 17, 2020, no pet.) (order & mem. op., not designated for publication). Whillhite's new attorney filed with this Court a brief arguing that his conviction for online solicitation could be and should be reversed on direct appeal. After considering the arguments on appeal, this Court concluded that his conviction for online solicitation was void, reversed the judgment of adjudication as to that conviction, and rendered a judgment of acquittal for that offense. *Whillhite v. State*, 627 S.W.3d 703, 706 (Tex. App.—Austin 2021, pet. ref'd). Regarding the conviction for sexual assault of a child, this Court again concluded that the record presented no arguably meritorious grounds for appellate consideration and affirmed that conviction. *Id.*

Following this Court's ruling, Whillhite filed an application for writ of habeas corpus in the trial court and argued that his trial counsel was ineffective for failing to challenge the online-solicitation charge. *See* Tex. Code Crim. Proc. art. 11.07. The trial court found that the sentence imposed during the adjudication proceeding would likely have been different had the parties and the trial court realized that that the statute forming the basis for one of the charges had been deemed unconstitutional. For those reasons, the trial court recommended that a new

punishment hearing be held. The Court of Criminal Appeals agreed, set aside the punishment ordered for the sexual-assault conviction, and ordered the trial court to conduct a new punishment hearing. *Ex parte Whillhite*, No. WR-94,154-01, 2023 WL 8110611, at *1 (Tex. Crim. App. Nov. 22, 2023) (per curiam) (op., not designated for publication).

During the new punishment hearing, Whillhite's former community-supervision officer and his former sex-offender-treatment provider testified regarding some of the violations of his community supervision to which he pleaded true. Additionally, A.L. testified that she had to stop going to school after the sexual assault and that the assault continues to impact her daily life, makes her afraid to be in public, and renders her incapable of receiving affection from her male family members. Further, A.L. explained that while Whillhite was in prison, he sent her a birthday card indicating his desire to see her soon and requesting that she send photos of herself. Regarding that request, A.L. related that he used that same type of language when he would ask her to send to him photos of herself naked. After considering the evidence and the arguments made by the parties, the trial court sentenced him to fifty years' imprisonment and rendered a new judgment imposing its sentence. Whillhite appeals the trial court's judgment.

Whillhite's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See* 386 U.S. at 744-45. Whillhite court-appointed attorney's brief concluding that the appeal is frivolous and without merit meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See id.*; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that

the appeal is . . . frivolous"). Whillhite's counsel represented to the Court that he provided copies of the motion and brief to Whillhite; advised him of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided him with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). After requesting and receiving a copy of the appellate record, Whillhite did not file a pro se brief, and the time for filing his brief has expired.

We have independently reviewed the record and considered appellate counsel's brief, and we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *see also Sanders v. State*, 832 S.W.2d 719, 723-24 (Tex. App.—Austin 1992, no pet.) (explaining that appeal following remand for new punishment hearing "is limited solely to the retrial of appellant's punishment"). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the trial court's judgment adjudicating guilt.

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed: January 29, 2025

Do Not Publish

5