# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-18-00104-CR

**Ex parte Eddie Thomas Chapa**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-16-301468, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the memorandum opinion and judgment dated May 23, 2018, substitute the following memorandum opinion and judgment in their place, and deny appellant's motion for rehearing.

Appellant Eddie Thomas Chapa appeals the trial court's denial of his pretrial application for writ of habeas corpus in which he sought to quash the indictment charging him with multiple child sexual abuse offenses. *See* Tex. Code Crim. Proc. arts. 11.01, 11.08. We affirm the trial court's order denying habeas relief.

## BACKGROUND

The indictment in this case contains nine counts—five counts of aggravated sexual assault of a child, *see* Tex. Penal Code § 22.021, two counts of indecency with a child by sexual contact, *see id.* § 21.11(a)(1), and two counts of indecency with a child by exposure, *see id.*

§ 21.11(a)(2)—that allege various sexual acts perpetrated against L.A.C., a child under the age of 14, on or about August 1, 2011.

Count One alleges that appellant intentionally and knowingly penetrated the sexual organ of L.A.C. with appellant's sexual organ. Count Two alleges that appellant intentionally and knowingly contacted the sexual organ of L.A.C. with appellant's sexual organ. Count Three alleges that appellant intentionally and knowingly penetrated the mouth of L.A.C. with appellant's sexual organ. Count Four alleges that appellant intentionally and knowingly contacted the mouth of L.A.C. with appellant's sexual organ. Count Five alleges that appellant intentionally and knowingly penetrated the sexual organ of L.A.C. with appellant's finger. Count Six alleges that, with intent to arouse and gratify appellant's sexual desire, appellant touched the genitals of L.A.C. Count Seven alleges that, with intent to arouse and gratify appellant's sexual desire, appellant touched "any part of the body" of L.A.C. with appellant's genitals. Count Eight alleges that, with intent to arouse and gratify appellant's sexual desire, appellant exposed his genitals to L.A.C. Count Nine alleges that, with intent to arouse and gratify appellant's sexual desire, appellant caused L.A.C. to expose her genitals.

Subsequent to indictment, appellant filed a document entitled *Defendant's Motion to Quash the Indictment and Pre-trial Application for Writ of Habeas Corpus [Double Jeopardy]*. In the combination motion/application, appellant asserted that the indictment is "multiplicitous" and must be quashed and set aside because the multiple counts violate the Double Jeopardy Clause.[1]

---

[1] Appellant articulates his double-jeopardy claim using the concept of "multiplicity," borrowed from federal prosecutions. In a federal prosecution, "[a]n indictment is multiplicitous if it charges a single offense in multiple counts, thus raising the potential for multiple punishment for

2

Specifically, he contended that the offenses alleged in Counts Two, Four, Five, Six, Seven, and Eight are the "same offense" as the offense alleged in Count One because they are subsumed within that offense. He further contended that the offense alleged in Count Four is the "same offense" as the offense alleged in Count Three because it is subsumed within that offense.

The trial court conducted a hearing on appellant's combination motion/application. Appellant did not call any witnesses, offer any evidence (though he sought a stipulation from the State), or present any argument to the court (beyond his motion/application). At the hearing, the following occurred:

> THE COURT: State of Texas versus Eddie Thomas Chapa. Defendant's Motion to Quash the Indictment. Pretrial application for writ of habeas corpus. [Defense Counsel], you may proceed.
>
> COUNSEL: Thank you, Judge. Judge, I believe that the motion and application is self-explanatory and why we're raising it on

---

the same offense, implicating the [F]ifth [A]mendment double jeopardy clause." *United States v. Reagan*, 596 F.3d 251, 253 (5th Cir. 2010) (quoting *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir. 1993)) (footnotes omitted). Pursuant to the Federal Rules of Criminal Procedure, certain "defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits," including "a defect in the indictment or information charging the same offense in more than one count (multiplicity)." Fed. R. Crim. P. 12(b)(3)(B)(ii); *see United States v. Barton*, 879 F.3d 595, 599 (5th Cir. 2018) (observing that challenge to multiplicitous indictment must be raised pretrial or it is waived); *United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013) (same).

No corresponding procedural rule regarding multiplicity in an indictment exists in the Texas Code of Criminal Procedure, although several statutes address challenges to the indictment. *See, e.g.*, Tex. Code Crim. Proc. arts. 27.02, 27.03, 27.08, 27.09. We note that appellant availed himself of the procedural mechanism of a pretrial motion and asserted his challenge to the alleged multiplicity of the indictment in a pretrial motion to quash. Appellant cites to no instance, and we are not aware of any, where a multiplicity challenge has been raised via a pretrial application for writ of habeas corpus at the pretrial stage in a state prosecution in Texas.

3

jeopardy grounds. I would like the record to reflect, and I believe the [S]tate agrees with this, that if any offense alleged in the indictment occurred, that they occurred on exactly the same day.

In other words, if anything happened either orally, vaginally, or by digital penetration, it all occurred in the same incident. And I believe the state accepts that. And so --

PROSECUTOR: The [S]tate will stipulate to that.

COUNSEL: And that date is alleged to be on or about the 1st day of August, 2011. And with that, that's all the argument we have, Judge. If you would accept that stipulation, Judge, then that's all we have.

THE COURT: I accept the stipulation. After hearing your argument and reading the motion, your motion is denied.

Appellant now appeals the denial of his pretrial application for writ of habeas corpus.[2]

## STANDARD OF REVIEW

We review a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion

---

[2] Although the trial court orally pronounced its ruling on the "motion" and subsequently signed a written order denying appellant's "motion," the signed order and the record of the hearing reflect the trial court's consideration of appellant's combined motion to quash the indictment and pretrial application for writ of habeas corpus. Thus, we construe the order denying the motion as a denial of appellant's application for writ of habeas corpus, which is an appealable order. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (when trial court has jurisdiction to issue writ of habeas corpus, denial of relief can be appealed).

does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

## DISCUSSION

In his sole point of error, appellant asserts that the trial court erred in denying his application for writ of habeas corpus and refusing to quash the indictment against him. He maintains that the "multiplicity" doctrine, grounded in the Double Jeopardy Clause, "bars the State from trying him repeatedly for the same alleged offense."

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). This remedy is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *see Ingram*, 533 S.W.3d 891–92; *Perry*, 483 S.W.3d at 895. Whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd); *see, e.g.*, *Perry*, 483 S.W.3d at 895 (addressing cognizability of "as applied" challenge to constitutionality of statute); *Ex parte Doster*, 303 S.W.3d 720, 724–27 (Tex. Crim. App. 2010) (addressing cognizability of claim involving Interstate Agreement on

5

Detainers Act); *Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006) (addressing cognizability of *in pari materia* claim). When determining whether an issue is cognizable by pretrial habeas, courts consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Perry*, 483 S.W.3d at 895–96; *Weise*, 55 S.W.3d at 619.

Appellant contends that he "is entitled to habeas relief, in the form of the indictment being quashed, because the underlying alleged offense cannot be the basis of nine separate accusations, subjecting the Appellant to being tried nine times for the same offense, and possibly being punished nine times for a single offense." He argues in his brief that Counts One, Two, Six, Seven, Eight, and Nine charge appellant with "the same conduct," and that the offenses alleged in Counts Two, Six, Seven, Eight, and Nine are subsumed within the offense alleged in Count One.[3] Similarly, appellant argues that "the same is true" of Counts Three, Four, Seven, and Eight and that the offenses alleged in Counts Four, Seven, and Eight are subsumed within the offense alleged in Count Three.[4] Thus, according to appellant, Counts Two, Four, Six, Seven, Eight, and Nine are

---

[3] We observe that appellant references different counts in his argument on appeal than he did before the trial court below. In his habeas application, appellant argued that the offenses alleged in Counts Two, Four, Five, Six, Seven, and Eight are subsumed within the offense alleged in Count One. On appeal, he does not reference Counts Four and Five but now includes Count Nine as an offense subsumed by the Count One offense. This discrepancy does not impact our analysis.

[4] Again, we observe that appellant references different counts in his argument on appeal than he did below. In his habeas application, appellant argued that the offense alleged in Count Four is subsumed within the offense alleged in Count Three. On appeal, he now includes Counts Seven and Eight as offenses subsumed by the Count Three offense. Once again, this discrepancy does not impact our analysis.

"multiplicitous and, therefore, violative of the Fifth Amendment [Double Jeopardy Clause]," and the indictment "should have been quashed." Appellant did not specifically articulate at the hearing, nor does he on appeal, which specific double-jeopardy protection he asserts—the protection against successive prosecutions or the protection against multiple punishments—and he referenced both protections in his habeas application and his appellate brief. Also, in his brief, he mentions "trying [appellant] repeatedly" and "being tried nine times" as well as "possibly being punished nine times." However, a "multiplicity" claim is based on a multiple-punishments violation, so we construe appellant's assertion of a double-jeopardy violation in his habeas application as a multiple-punishments claim. For the reasons that follow, we conclude that appellant's multiple-punishments double-jeopardy claim is not cognizable on a pretrial writ.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant against being placed twice in jeopardy for the same offense. U.S. Const. amend. V, cl. 2 ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"). The clause embodies three separate guarantees—protection against prosecution for the same offense following an acquittal, protection against prosecution for the same offense following a conviction, and protection against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Brown v. Ohio*, 432 U.S. 161, 164–65 (1977); *Ex parte Marascio*, 471 S.W.3d 832, 847 (Tex. Crim. App. 2015); *Ex Parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). These guarantees encompass two protections—the protection against successive prosecutions and the protection against multiple punishments. *See United States v. Dixon*, 509 U.S. 688, 696 (1993); *Ex parte Chaddock*, 369 S.W.3d 880, 882 (Tex. Crim. App. 2012); *State v. Perez*, 947 S.W.2d 268,

7

270 (Tex. Crim. App. 1997); *State v. Donaldson*, — S.W.3d —, No. 03-16-00085-CR, 2017 WL 1508662, at \*3 (Tex. App.—Austin Apr. 20, 2017, no pet.).

Ordinarily, a double-jeopardy claim is cognizable on a pretrial writ. *See Perry*, 483 S.W.3d at 895; *Weise*, 55 S.W.3d at 619; *Stephens v. State*, 806 S.W.2d 812, 814 (Tex. Crim. App. 1990); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). However, a review of the case law regarding double-jeopardy claims asserted on pretrial habeas demonstrates that the double-jeopardy protection being asserted (and resolved) pretrial involves the protection against successive prosecutions. *See, e.g.*, *Ex parte Castillo*, 469 S.W.3d 165, 171 (Tex. Crim. App. 2015); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 261 (Tex. Crim. App. 2009); *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim. App. 2007); *Wheeler*, 203 S.W.3d at 322; *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998); *Ex parte Ward*, 964 S.W.2d 617, 618 (Tex. Crim. App. 1998); *Ex parte Coleman*, 940 S.W.2d 96, 97 (Tex. Crim. App. 1996); *Ex parte Williams*, 799 S.W.2d 304, 305 (Tex. Crim. App. 1990); *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex. Crim. App. 1987); *see also Gonzalez v. State*, 8 S.W.3d 640, 643 n.9 (Tex. Crim. App. 2000) (observing that the Court of Criminal Appeals has "decided that a pretrial writ of habeas corpus is usually the procedural vehicle by which a defendant should raise a 'successive prosecutions for the same offense' double jeopardy claim").

Appellant's contention that he is entitled to pretrial resolution of his double-jeopardy claim mistakenly relies on case law relating to successive-prosecutions claims. Further, his contention fails to distinguish between the two double-jeopardy protections. "[T]he protections against multiple punishments and successive prosecutions are not invariably co-extensive."

8

*Chaddock*, 369 S.W.3d at 883 (citing *Missouri v. Hunter*, 459 U.S. 359, 365, 366 (1983)); *see Ex parte Aubin*, 537 S.W.3d 39, 43–44 (Tex. Crim. App. 2017), *cert. denied sub nom. St. Aubin v. Texas*, 138 S. Ct. 2600 (U.S. 2018) (differentiating between successive-prosecutions and multiple-punishments double-jeopardy rights); *see also Dixon*, 509 U.S. at 735 (White, J., concurring) (comparing interests protected by double-jeopardy protections and recognizing that "the important interests advanced by double jeopardy safeguards against successive prosecutions" differ from those concerning multiple punishments: "The central purpose of the Double Jeopardy Clause being to protect against vexatious multiple prosecutions, these interests go well beyond the prevention of unauthorized punishment.").

With the successive-prosecutions protection, the underlying idea "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Robinson*, 641 S.W.2d at 554 (quoting *Green v. United States*, 355 U.S. 184, 187–88 (1957)); *see Hunter*, 459 U.S. at 365 (confirming that Court "ha[s] consistently interpreted [the Double Jeopardy Clause] 'to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.'" (quoting *Burks v. United States*, 437 U.S. 1, 11 (1978))). With respect to multiple punishments imposed in a single trial, the Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366; *see Aubin*, 537 S.W.3d at 43 (observing that regarding

9

multiple-punishments protection, "the role of the double-jeopardy guarantee 'is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense'" (quoting *Brown*, 432 U.S. at 165)).

Double-jeopardy protections are implicated only when jeopardy has attached. *Ex parte Macias*, 541 S.W.3d 782, 785 (Tex. Crim. App. 2017), *cert. denied sub nom. Macias v. Texas*, 138 S. Ct. 1562 (2018); *see Serfass v. United States.*, 420 U.S. 377, 388 (1975) ("The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'"); *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009) (observing that "jeopardy must have attached initially" before double-jeopardy protections are implicated); *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996) (explaining that reason for defining particular point when jeopardy attaches in criminal proceedings is that double-jeopardy prohibition does not apply until jeopardy attaches). In Texas, jeopardy attaches in a jury trial only when a jury is empaneled and sworn. *Macias*, 541 S.W.3d at 785; *Moreno*, 294 S.W.3d at 597; *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992). Jeopardy attaches in a bench trial when both sides have announced ready and the defendant pleads to the charging instrument. *Moreno*, 294 S.W.3d at 597; *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991); *State v. Fisher*, 212 S.W.3d 378, 380 (Tex. App.—Austin 2006, pet. ref'd). In this case, jeopardy has not yet attached to any of the offenses with which appellant is charged and upon which he bases his double-jeopardy claim. Thus, the constitutional prohibition against double jeopardy does not yet apply, and the double-jeopardy protections are not yet implicated.

10

Appellant asserts that "jeopardy need not attach in the traditional sense in the context of a pretrial writ." (Emphasis removed.) This assertion, however, fails to appreciate the distinct double-jeopardy protections afforded by the Double Jeopardy Clause. One protects against successive prosecutions; the other—the one appellant asserts—protects against punishment beyond what the legislature intended. These distinct protections involve different substantive rights.

The substantive right involved the a successive-prosecutions protection includes the right to avoid trial:

> To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment[.] . . . However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.

*Abney v. United States*, 431 U.S. 651, 660–61 (1977); *see Robinson*, 641 S.W.2d at 554 ("Because of this focus on the 'risk' of conviction, the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense."). The legal and practical value of the constitutional right not to be exposed to jeopardy twice—that is, the "right not to be tried" twice—would be destroyed if it were not vindicated before trial:

> T]he rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.
>
> . . .

> Obviously, these aspects of the guarantee's protection would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit.

*Abney*, 431 U.S. at 660, 662; *see United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 267 (1982) ("[T]he protection afforded by the Double Jeopardy Clause . . . encompass[es] a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."). Thus, a pretrial remedy to vindicate that right is not only appropriate but preferred. *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex. Crim. App. 1986); *see Perry*, 483 S.W.3d at 896 (observing that "effectively undermined if not vindicated prior to trial" rationale for allowing certain claims on pretrial habeas derives from Supreme Court's decision in *Abney*, which involved double-jeopardy claim concerning former jeopardy).

However, the substantive right involved in a multiple-punishments double-jeopardy claim does not involve the right to avoid trial. "The Supreme Court has explicitly recognized that the State has the right to prosecute and *obtain jury verdicts* on two offenses in a single trial, even if the offenses are the same for double jeopardy purposes." *Aubin*, 537 S.W.3d at 43. The State may seek a multiple-count indictment for "the same" offenses without violating a defendant's right against double jeopardy; however,

> the accused may not suffer two convictions or sentences on that indictment. If upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses.

12

*Ball v. United States*, 470 U.S. 856, 865 (1985); *see United States v. Gibson*, 820 F.2d 692, 695 (5th Cir. 1987) (recognizing that defendant may be "indicted and prosecuted" for two offenses that are same for double-jeopardy purposes and jury "could be instructed on both," but if jury returns guilty verdicts for both offenses, court may enter judgment on only one offense). The multiple-punishments protection against double jeopardy does not prohibit multiple jury verdicts of guilt within a single trial but only the imposition of multiple convictions and multiple punishments. *See Aubin*, 537 S.W.3d at 43; *McGuire v. State*, 493 S.W.3d 177, 201–02 (Tex. App.—Houston [1st Dist.] 2016), *cert. denied*, 137 S. Ct. 2188 (2017); *see Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009) ("In [the multiple-punishments] context, the State may seek a multiple-count indictment based on violations of different statutes, even when such violations are established by a single act; but the defendant may be convicted and sentenced for only one offense."). "It is only upon entry of a judgment for multiple offenses, after sentencing, that a multiple-punishments violation even occurs. *Aubin*, 537 S.W.3d at 43.

Because of the different nature of the rights involved in the two double-jeopardy protections, while pretrial habeas corpus is appropriate for a successive-punishments claim, it cannot be used for a multiple-punishments claim. *See Perry*, 483 S.W.3d at 895 (concluding that nature of constitutional right at issue entitled appellant to raise claims by pretrial habeas corpus). Habeas corpus is an extraordinary writ used to challenge the legality of one's restraint.[5] *See* Tex. Code Crim.

---

[5] In the pretrial context, a person is "restrained" as required for pretrial habeas relief by pending criminal charges against him. *See* Tex. Code Crim. Proc. art. 11.22 (defining "restraint"); *see also Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (observing that pretrial habeas applicant "was restrained of his liberty . . . when he was charged with [an offense] and released on bond to await trial"); *Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) ("A person

Proc. art. 11.01 ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."); *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (explaining that defendant may use pretrial writ of habeas corpus "only in very limited circumstances"); *accord Perry*, 483 S.W.3d at 895 (discussing types of claims that are cognizable in pretrial writ of habeas corpus); *Weise*, 55 S.W.3d at 619–20 (same). "The purpose of an application for writ of habeas corpus is to remove an illegal restraint on an applicant's liberty." *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.); *see Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint.") (citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) ("the very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detention in violation of constitutional guarantees")); *see also In re Allen*, 366 S.W.3d 696, 701 (Tex. 2012) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberty from unlawful or unconstitutional restraint.").

A successive-prosecutions violation involves two separate criminal proceedings. "If the offenses in the two proceedings are the same for double jeopardy purposes, then the second proceeding should never [occur]." *Aubin*, 537 S.W.3d at 42. Thus, the pretrial habeas applicant is unlawfully restrained because the pending criminal charge restrains the applicant for the same offense for which jeopardy has already attached. Because jeopardy has already attached and the

---

who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01."); *see also* George E. Dix & John M. Schmolesky, 43 *Texas Practice: Criminal Practice and Procedure* § 35:4 (3d ed. 2016) ("In the pretrial context, the existence of pending charges is generally sufficient to show restraint.").

applicant has the right to avoid trial, the restraint of the pending criminal charge for the same offense violates double jeopardy. It is the former jeopardy and the substantive right to avoid trial that render the restraint of the pending criminal charge unlawful.

However, in the multiple-punishments context, there is no illegality in the restraint of a pending criminal charge.[6] First, because jeopardy has not attached to the pending criminal charge(s), the prohibition against double jeopardy does not apply, and the double-jeopardy protections are not implicated. Second, the double-jeopardy protection against multiple punishments—the right not to be punished multiple times for the same offense in a single prosecution—is not a right that involves the right to avoid trial. The State is entitled to charge multiple offenses in a multiple-count indictment—even offenses that are the same for double-jeopardy purposes—and to prosecute and obtain jury verdicts for the same offenses in those counts; only multiple convictions and multiple punishments for those same offenses violate double jeopardy. *See Ball*, 470 U.S. at 865; *Aubin*, 537 S.W.3d at 43; *McGuire*, 493 S.W.3d at 201–02. In the context of a pretrial multiple-punishments claim, neither the attachment of jeopardy nor the substantive right to avoid trial render the restraint of the pending criminal charge unlawful.

Appellant's reliance on the federal multiplicity doctrine, as embodied in the procedural rule governing a challenge to a multiplicitous indictment in a pretrial motion, does not

---

[6] We acknowledge that "[t]he protection against multiple punishments prohibits the Government from 'punishing twice, or attempting a second time to punish criminally for the same offense.'" *United States v. Ursery*, 518 U.S. 267, 273 (1996) (quoting *Witte v. United States*, 515 U.S. 389, 396 (1995) (emphasis deleted)). Our reference to the multiple-punishments context is limited to multiple punishments for the same offense in a single prosecution—the claim raised here—and does not refer to successive punishments.

15

support appellant's contention that such a challenge is cognizable in pretrial writ.[7] The rule against multiplicity, "prohibits the Government from charging a single offense in several counts and *is intended to prevent* multiple punishments for the same act." *United States v. Winstead*, 717 Fed. Appx. 369, 371 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1711 (2018) (quoting *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995)) (emphasis added); *see United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2013) ("Multiplicity is the charging of a single offense in several counts. The chief danger raised by a multiplicitous indictment is *the possibility* that the defendant will receive more than one sentence for a single offense." (quoting *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002) (internal quotation marks and citations omitted) (emphasis added). While a potential future double-jeopardy violation may suffice, under some circumstances, to demonstrate a defect in an indictment, it cannot suffice to demonstrate illegality of restraint in a pretrial habeas proceeding. To be entitled to habeas relief, the applicant must show that the restraint is unlawful at the time the restraint is challenged; it is not enough to show that the restraint may eventually, at some point in the future, become unlawful. *See Ex parte McVade*, No. 03-17-00207-CR, 2017 WL 4348151, at *5 (Tex. App.—Austin Sept. 28, 2017, no pet.) (mem. op., not designated for publication) ("To be entitled to habeas corpus relief, an applicant must establish that he was either 'confined' or 'restrained' unlawfully at the time that the application was

---

[7] We note that although a defendant must raise multiplicity of the indictment as a defense before trial pursuant to Federal Rule of Criminal Procedure 12(b)(2) to preserve error, a complaint about the multiplicity of sentences (as opposed to multiplicitous convictions) can be raised for the first time on appeal. *United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013); *United States v. Dixon*, 273 F.3d 636, 642 (5th Cir. 2001). A claim of multiplicitous sentences is reviewed for "plain error." *Njoku*, 737 F.3d at 67; *United States v. Ogba*, 526 F.3d 214, 232 (5th Cir. 2008).

16

filed." (quoting *State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd))); *see also Weise*, 55 S.W.3d at 619.

Appellant's multiplicity argument fails to appreciate the distinction between the two double-jeopardy protections at the pretrial stage. In the context of a successive-prosecutions claim, because jeopardy has already attached and the protection involves the right to avoid trial, the restraint of a pending criminal charge (for the same offense for which jeopardy has already attached) violates double jeopardy. By contrast, in the multiple-punishments context, because jeopardy has not attached and the protection does not involve the right to avoid trial, the restraint of a pending criminal charge does not violate double jeopardy; there is no illegality in the pendency of the criminal charge itself and the restraint is not unlawful.

As we noted earlier, pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy, *see Ingram*, 533 S.W.3d at 891–92; *Ellis*, 309 S.W.3d at 79, that is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review," *see Ingram*, 533 S.W.3d at 891–92 (quoting *Weise*, 55 S.W.3d at 620); *Perry*, 483 S.W.3d at 895. Given the differences between the two protections and the substantive rights involved, the use of pretrial habeas to resolve a successive-prosecutions claim is consistent with the limited purpose of pretrial habeas. Such a claim vindicates the applicant's substantive right to avoid trial after jeopardy has already attached to that offense. Consequently, pretrial review of the claim conserves judicial resources by resolving the claim before the expenditure of judicial resources on a trial that should not occur because prosecution for that offense is barred. However, in the multiple-punishments context, the substantive

17

right of the protection does not involve the right to avoid trial. Thus, unlike with pretrial review of a successive-prosecutions claim, the conservation of judicial resources is not better served by interlocutory review of a multiple-punishments claim. In fact, given the undeveloped record before us, the situation here demonstrates that the contrary is true.

Pretrial habeas is generally unavailable "when the resolution of a claim may be aided by the development of a record at trial." *Ingram*, 533 S.W.3d at 892 (quoting *Weise*, 55 S.W.3d at 620); *Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724; *Smith*, 185 S.W.3d at 893. Appellant argues that because some counts of the indictment are lesser included offenses that are subsumed by the greater offenses alleged, punishments that may be assessed for those subsumed offenses would violate double jeopardy. *See Maldonado v. State*, 461 S.W.3d 144, 149 (Tex. Crim. App. 2015) ("An offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act."); *id.* at 150 n.1("An offense can also be legally subsumed when one offense is a lesser-included offense of another."); *see also Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) (observing that one scenario under which multiple-punishments double-jeopardy claim arises is in context of lesser included offenses, where same conduct is punished under both greater and lesser included offense). That may very well be the case. However, such a determination cannot be made at this pretrial stage of the proceedings on the undeveloped record.

If alleged offenses occur during a single continuous act, with a single impulse, in which several different statutory provisions are necessarily violated along that continuum, some of the offenses may merge together or be subsumed, and the defendant may be punished only once. *Aekins v. State*, 447 S.W.3d 270, 275 (Tex. Crim. App. 2014) (discussing "the merger doctrine," "the

18

single impulse doctrine," or, here in Texas, "the doctrine of subsumed acts"). Thus, a defendant may not be convicted for a completed sexual assault by penetration and also for conduct—such as exposure or contact—that is "demonstrably and inextricably part of that single sexual assault." *Id.* at 281; *see Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *see also Loving v. State*, 401 S.W.3d 642, 650 (Tex. Crim. App. 2013) (Cochran, J., concurring).

Conversely, if the offenses do not occur during a single continuous act but are instead separate and discrete acts, a defendant who commits more than one sexual act against the same victim may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity. *Aekins*, 447 S.W.3d at 278; *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). The key is that one act ends before another act begins. *Aekins*, 447 S.W.3d at 278. This is true for acts violating not only different statutes but different subsections of a single statute, as well as for different discretely prohibited acts within the same subsections of a single statute. *Id.* (internal citations omitted); *Gonzales v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010); *see Vick*, 991 S.W.2d at 833.

The question in this case, then, is whether the exposure offenses alleged in the indictment are subsumed by the contact or penetration offenses alleged, and whether the contact offenses alleged in the indictment (that may or may not subsume the exposure offenses) are subsumed by the penetration offenses alleged. Such a determination depends on the facts of the case. *See Maldonado*, 461 S.W.3d at 148–150 (explaining that whether charged sexual acts are incident to and subsumed by other charged sexual offenses or are separate and distinct offenses depends on facts of case); *see, e.g.*, *Patterson*, 152 S.W.3d at 92 (concluding that indecency by exposure may

19

or may not be part of sexual assault or indecency by sexual contact, depending on facts of case).

Appellant seeks to answer this question pretrial. However, as the facts of this case have yet to be developed by the presentation of evidence at trial, whether some or any of the alleged offenses are factually subsumed by other alleged offenses cannot be determined.

The Court of Criminal Appeals has explained that there are two relevant inquiries in a double-jeopardy analysis when considering whether the offenses at issue are "the same" for double-jeopardy purposes: legal sameness and factual sameness. *Castillo*, 469 S.W.3d at 172; *see Aekins*, 447 S.W.3d at 283 (Keller, P.J., concurring) ("For offenses to be the 'same' for double-jeopardy purposes, they must be the same both in 'law' and in 'fact.'"). "The legal-sameness inquiry depends on only the pleadings and statutory law—not the record—to ascertain whether two offenses are the same." *Castillo*, 469 S.W.3d at 172. If the offenses are legally the same, the next step is to determine whether the offenses are factually the same. *Id.* at 169; *Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015). "The factual-sameness inquiry requires a reviewing court to examine the entire record to determine if the same offenses have been alleged." *Castillo*, 469 S.W.3d at 172. "To prevail on a double jeopardy claim, the claimant must prove both legal sameness and factual sameness." *Id*. at 169.

While the undeveloped record here may suggest that the offenses alleged in some of the counts are legally the same as offenses alleged in other counts (because they might be subsumed lesser included offenses), the undeveloped record does not—and cannot at this pretrial stage—demonstrate that any of the offenses alleged in some counts are factually the same as offenses alleged in other counts. "We determine factual sameness by determining the allowable unit of

20

prosecution and reviewing the trial record to establish how many units have been shown." *Castillo*, 469 S.W.3d at 169; *see Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011) (allowable unit of prosecution for indecency with child by exposure is each exposure); *Pizzo v. State*, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007) (allowable unit of prosecution for indecency with child by sexual contact is each act of prohibited touching); *Loving*, 401 S.W.3d at 647–48 (allowable unit of prosecution of aggravated sexual assault is each completed act of specific prohibited conduct) (citing *Vick*, 991 S.W.2d at 832–33). In this case, the determination of factual sameness can only be made after the record has been developed by the presentation of evidence at trial. *See, e.g.*, *Maldonado*, 461 S.W.3d at 149–50 (looking beyond pleadings at evidence presented at trial of separate instances of sexual contact to resolve double-jeopardy multiple-punishments claim); *see Perry*, 483 S.W.3d at 899 n.81 (noting that "'allowable unit of prosecution' issues sometimes require an examination of evidence beyond the pleadings").

Appellant claims that the record here is sufficiently developed because of the stipulation made by the State and accepted by the trial court. We disagree. It is true that the State stipulated to appellant's averment that "if any offense alleged in the indictment occurred, that they occurred on exactly the same day" and that "if anything happened either orally, vaginally, or by digital penetration, it all occurred in the same incident." However, this stipulation does not, as appellant contends, sufficiently develop the record in order to resolve appellant's claim. This stipulation merely reflects that the various alleged offenses occurred on the same day during the same event; it does not elaborate on the factual circumstances of that event. The stipulation does not establish whether the "same incident" involved a brief sexual encounter that involved one continuous

21

sexual act that included the various alleged offenses—i.e.,"a single *continuous* act, with a single impulse," *see Aekins*, 447 S.W.3d at 275—or a prolonged sexual encounter that involved multiple sexual acts, the order and timing of which would impact whether some offenses might be subsumed—i.e., separate and discrete acts committed in close temporal proximity that could each be punished, *see id.* at 278. While appellant maintains that the phrase "same incident" was not contested or "the subject of interpretation or debate," we observe that the word "incident," in its ordinary understanding, can connote both a brief single-act instance or a prolonged multiple-acts episode.[8] Thus, contrary to appellant's contention, the stipulation does not "conclusively" establish that the complained-of alleged offenses are subsumed by other offenses. The sameness of the offenses cannot be determined on this limited record notwithstanding the stipulation. Because factual development of the record is necessary in this case, pretrial resolution of appellant's claim is not available. *See Perry*, 483 S.W.3d at 899; *Doster*, 303 S.W.3d at 724; *Smith*, 185 S.W.3d at 893.[9] Moreover, even if the stipulation did establish that the complained-of offenses are subsumed

---

[8] Synonyms for "incident" include "happening," "event," "escapade," "occurrence," "episode," "circumstance," "experience," and "occasion." *See* https://www.collinsdictionary.com/dictionary/american-thesaurus/incident; https://www.merriam-webster.com/thesaurus/incident; https://en.oxforddictionaries.com/thesaurus/incident; https://www.thesaurus.com/browse/incident.

[9] We acknowledge that there is one recognized exception to the general prohibition against pretrial resolution of claims that require record development: when the constitutional right at issue includes a right to avoid trial. *See Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 899 (Tex. Crim. App. 2016). And, generally, the constitutional protection against double jeopardy is considered such a right. *See Ingram,* 533 S.W.3d at 892; *Perry*, 483 S.W.3d at 899 & nn.80–81. However, as we explained, the double-jeopardy protection that includes a right to avoid trial is the successive-punishments protection; the right to be free from multiple punishments does not include such a right. Thus, we do not find the undeveloped-record exception to be applicable to a claim concerning the constitutional prohibition against double jeopardy in the multiple-punishments context.

by other offenses, as appellant claims, the State is entitled to obtain guilty verdicts for those subsumed offenses; only convictions and punishments for those subsumed offenses violate double jeopardy. *See Ball*, 470 U.S. at 865; *Aubin*, 537 S.W.3d at 43; *McGuire*, 493 S.W.3d at 201–02.

In this case, the right appellant seeks to claim—his constitutional right to be free from multiple punishments for the same offense in a single prosecution—cannot be vindicated before trial. Appellant asserts only a *potential* violation of the double-jeopardy protection against multiple punishments.[10] Ultimately, after the evidence is presented at trial, that constitutional protection may not in fact be violated. Even if the evidence is such that some of the alleged offenses are subsumed by other alleged offenses, as appellant contends, it is possible that appellant may not be convicted—and therefore not punished—for those subsumed offenses. For example, the State may, depending on the evidence at trial, opt to abandon some counts before they are submitted to the jury for consideration. Further, the jury may not find appellant guilty of counts relating to potentially subsumed offenses. If it does, the State may move to abandon the counts of any subsumed

---

[10] Appellant asserts that "a poor pleading practice"—which, according to appellant, alleges both the greater and subsumed offenses—has "resulted in a violation of appellant's right not to suffer multiple punishments for the same offense." However, as we discussed, only after the evidence is presented at trial can we discern whether the State did in fact charge both greater and subsumed offenses in the indictment, for which multiple punishments would not be appropriate (as appellant contends), or whether the State charged separate and discreet offenses, each of which appellant can be punished for (as the State contends). Moreover, as we noted, "It is only upon entry of a judgment for multiple offenses, after sentencing, that a multiple-punishments violation even occurs." *Ex parte Aubin*, 537 S.W.3d 39, 43 (Tex. Crim. App. 2017), *cert. denied sub nom. St. Aubin v. Texas*, 138 S. Ct. 2600 (U.S. 2018). Further, as we explained, the State is entitled to seek a multiple-count indictment and obtain multiple guilty verdicts from the jury for offenses that are the same for double-jeopardy purposes. *See Ball v. United States*, 470 U.S. 856, 865 (1985); *Aubin*, 537 S.W.3d at 43; *McGuire v. State*, 493 S.W.3d 177, 201–02 (Tex. App.—Houston [1st Dist.] 2016), *cert. denied*, 137 S. Ct. 2188 (2017). Thus, the pleading here does not, and cannot, "result" in a constitutional multiple-punishments violation.

23

offenses, after the jury's guilty verdict before punishment is determined, in order to avoid a multiple-punishments violation. Or, after the jury has assessed punishment(s), the trial court may—at the State's request, on its own motion, or on appellant's request—vacate the convictions for any subsumed offenses that violate the double-jeopardy protection against multiple punishments. Appellant's multiple-punishments claim, raised in a pretrial habeas writ, is premature and not ripe for appellate review. *See, e.g.*, *Smith*, 185 S.W.3d at 893 (concluding that *in pari materia* claim is not cognizable in pretrial writ of habeas corpus because appellant could pursue claim on appeal if necessary and because claim was not ripe for review: "An appellate decision on the *in pari materia* claim would be premature before the State has had an opportunity to develop a complete factual record during a trial.").

Appellate courts must be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate court at the pretrial stage. *See Ellis*, 309 S.W.3d at 79; *Doster*, 303 S.W.3d at 724; *Smith*, 178 S.W.3d at 801; *see also Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986) ("[T]he [pretrial] writ of habeas corpus cannot be used as substitute for or to usurp the function of an appeal."); *Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex. Crim. App. 1980) ("Habeas corpus will not lie as a substitute for an appeal."); *Ex parte Overstreet*, 89 S.W.2d 1002, 1003 (1935) ("We have consistently declined to permit the [pretrial] writ of habeas corpus to usurp the function of an appeal."). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Weise*, 55 S.W.3d at 619; *accord Ex parte Carter*, 514 S.W.3d 776, 785 (Tex. App.—Austin 2017, pet. ref'd); *Paxton*, 493 S.W.3d at 297; *see Queen v. State*,

24

212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.) (observing that writ of habeas corpus is extraordinary remedy available only when there is no other adequate remedy at law and is not to be used as substitute for appeal). A violation of the protection against multiple punishments can be raised and corrected after trial in a direct appeal. *See Denton*, 399 S.W.3d at 544 (citing *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez*, 8 S.W.3d at 643)); *Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016) (remedy for double-jeopardy violation in multiple-punishments context is to affirm conviction for most serious offense and vacate other conviction) (citing *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008)). Here, appellant may pursue his multiple-punishments claim on direct appeal if necessary. For that matter, appellant has remedies in the trial court before a direct appeal as he can assert his multiple-punishments claim at sentencing or in a motion for new trial. *See, e.g.*, *Preciado v. State*, 346 S.W.3d 123, 126 (Tex. App.—Amarillo 2011, pet. ref'd) (affirming trial court's grant of new trial to resolve violation of prohibition against multiple punishments for same offense).

Appellant contends that the existence of post-trial remedies to address and remedy a multiple-punishments violation in this case should not bar a pretrial habeas writ. He does not dispute that remedies exist in both the trial court and on direct appeal but, relying on holdings from the Court of Criminal Appeals in the mandamus context, asserts that he should be entitled to utilize the extraordinary remedy of the pretrial writ because those remedies are "uncertain, tedious, burdensome, slow, inconvenient, inappropriate, and ineffective" and are, thus, not "adequate" remedies. He maintains that it is speculation as to whether appellant would raise his multiple-punishments claim at trial upon sentencing or in a motion for new trial or raise it on direct

25

appeal. However, the fact that it is unknown whether appellant will choose to utilize existing remedies does not render them "uncertain, tedious, burdensome, slow, inconvenient, inappropriate, and ineffective." Furthermore, other than asserting the speculative aspect of whether he will choose to avail himself of existing remedies, appellant fails to explain how or why the available remedies are inadequate in the situation present here to redress a multiple-punishments violation. Direct appeal upon conviction is generally considered an adequate remedy for many errors. *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) ("In the pretrial habeas corpus context, only certain claims are cognizable, because of the ability to appeal trial errors in the event of a conviction."); *see also Perry*, 483 S.W.3d at 921 (Alcala, J., concurring) (recognizing that pretrial habeas claim "should be deemed non-cognizable on the basis that the type of right at issue can be vindicated on direct appeal and, thus, the applicant has an adequate remedy by appeal that renders pretrial review unnecessary"); *see, e.g.*, *Ex parte Hartfield*, 442 S.W.3d 805, 817 (Tex. App.—Corpus Christi 2014, pet. ref'd) (concluding that applicant's speedy-trial claim not cognizable by pretrial application for writ of habeas corpus because denial of motion to dismiss indictment on such claim can be raised by direct appeal; thus, applicant had adequate remedy at law and was not eligible for pretrial habeas relief); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014) (post-conviction direct appeal provides adequate remedy for applicant's "as applied" constitutional challenge to sentencing statute, which would only become issue if applicant found guilty of capital offense). Because appellant's multiple-punishments claim can be raised and corrected by direct appeal, a sufficient remedy exists.

In sum, we conclude that appellant's multiple-punishments double-jeopardy claim is not cognizable on pretrial habeas. Jeopardy has not attached to any of the offenses upon which appellant bases his double-jeopardy claim; thus, the double-jeopardy prohibition against being twice placed in jeopardy does not yet apply, and the multiple-punishments protection is not implicated. Further, a pretrial claim asserting multiple punishments (yet to be imposed) for the same offense in a single prosecution is merely a potential double-jeopardy violation. Because jeopardy has not attached and the multiple-punishments protection does not include the right to avoid trial, the current restraint of the pending criminal charges is not unlawful. Appellant's situation is not one of the limited situations for which pretrial habeas is appropriate as the substantive right appellant seeks to vindicate does not involve the right to avoid trial nor are judicial resources conserved (but are in fact squandered) by reviewing appellant's double-jeopardy claim prior to the development of facts at trial. Moreover, the resolution of appellant's double-jeopardy multiple-punishments claim requires the development of a record at trial because the determination of whether some or any of the alleged offenses are subsumed by other alleged offenses—and thus are legally and factually "the same offense"—depends on the facts of the case, which have not been sufficiently developed here. Finally, should a multiple-punishments violation actually occur in this case, appellant has adequate remedies to address it—during trial at sentencing, post-trial in a motion for new trial, or post-conviction on direct appeal.

Because we conclude that appellant's multiple-punishment claim is not cognizable in a pretrial application for writ of habeas corpus, we further conclude that the trial court did not

27

abuse its discretion in denying appellant's application and refusing to quash the indictment. We overrule appellant's sole point of error.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in denying appellant's pretrial application for writ of habeas corpus, we affirm the trial court's order denying habeas relief.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed on Motion for Rehearing

Filed:   August 22, 2018

Do Not Publish